## FRANK DAVIS *vs.* ELIAS KEYES.

In an action of contract for the breach of a warranty that a horse was not over eight years old, the defendant testified that he did not know the horse's age, and that he never had warranted, and never would warrant a horse; in reply the plaintiff offered to prove that the defendant, while previously endeavoring to sell the horse to others, had offered to warrant that he was not more than eight years old, and was told by several persons that he was more than twelve years old. *Held*, that this evidence being to contradict immaterial testimony was rightly rejected.

CONTRACT to recover damages for breach of a warranty in the sale of a horse.

At the trial in the Superior Court, before *Dewey*, J., it was proved and not disputed, that the plaintiff bought the horse of the defendant for $150 ; then after using him a few days he returned him, claiming that he was warranted to be sound and not over eight years old, and that he was unsound and more than eight years old ; that the defendant declined to receive him ; and that the plaintiff, after using him a short time longer, advertised and sold him at public auction for $46.

Upon the question whether a warranty was made, the plaintiff testified that the defendant warranted the horse to be sound, kind, all right, and not over eight years old. The defendant testified that he did not warrant the horse, but expressly refused to do so ; that he never warranted any horse, and never would warrant any that he ever owned ; that he told the plaintiff so at the time of the trade; that he did not know what the age of the horse was ; that all he knew about it was that when he got him he was called eight or nine years old ; that he told the plaintiff at the time of the sale that that was all he knew about his age. On cross-examination, he said that he would as soon have warranted this horse as any that he ever owned. It was in evidence that the defendant had owned the horse about six months at the time of the sale, and that he had owned horses for more than twenty years. The defendant also testified in the course of his examination that, according to the best of his judgment, the horse was not more than eight or nine years old.

The plaintiff, in reply, called witnesses and offered to prove that the defendant, about two weeks previous to the sale in controversy, was endeavoring to sell the horse in the village of South Wilbraham, and that the animal's mouth was examined, for the purpose of determining his age, by several persons, who informed the defendant that he was more than twelve years old. The court excluded the evidence. He also offered to prove that when endeavoring to sell the horse, the defendant offered to warrant him to be sound, and not more than eight or nine years old. The court excluded this evidence also.

The jury found a verdict for the defendant, and the plaintiff alleged exceptions.

*M. P. Knowlton,* (*G. M. Stearns* with him,) for the plaintiff.

*H. Morris,* for the defendant, was not called upon.

AMES, J. The evidence offered by the plaintiff and excluded by the court could only be considered material so far as it had a tendency to contradict the testimony of the defendant. But as the plaintiff's claim was founded upon a contract and not upon deceit, the testimony of the defendant that he did not know the horse's age was irrelevant to the issue. It is not certain that information from other persons, as the result of their examination, that the horse was twelve years old, can be said to furnish knowledge of the fact. He was not bound by their examination, and may have had a different opinion himself. But the proposed contradiction was upon an immaterial point, and the court had a right to exclude it for that reason.

There is the same difficulty about the proposed evidence that he had once offered to warrant the horse. He had testified not only that he did not make the warranty declared on, but that he never warranted and never would warrant any horse. Even if proof that he had, at some other time or in some other negotiation, offered to warrant the horse, could be said to be in contradiction of this testimony, it would be upon an immaterial point. The inquiry was not as to his general practice or what he did on some other occasion, but as to this particular transaction.

*Exceptions overruled.*