WILBUR F. WHITNEY *vs.* ELIJAH GROSS & another.

Worcester. Sept. 28. — Oct. 24, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

In an action for personal injuries occasioned by the plaintiff's being thrown from his wagon by a collision with the defendants' wagon, driven by one of the defendants, who is alleged to have been careless, because his wagon was so overloaded, while going down a hill, that his horse could not control it, and because he was driving at an unreasonable speed, evidence of acts of negligence of the defendants or their driver at other times, in overloading their wagon, or in driving at an unreasonable rate of speed, in the same place, is not admissible.

TORT for personal injuries occasioned to the plaintiff by being thrown from his wagon by a collision with the defendants' wagon. At the trial in the Superior Court, before *Mason,* J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*W. S. B. Hopkins & H. C. Hartwell,* for the plaintiff.

*G. A. Torrey,* for the defendants.

MORTON, C. J. The plaintiff contended that, while driving in his wagon down a hill in a highway in Ashburnham, he was run into by a horse and wagon of the defendants, driven by one of the defendants, also going down the hill; and that the defendant who was driving was careless, because his wagon was so overloaded that the horse could not control it, and because he was driving down the hill at an unreasonable speed. The bill of exceptions states that "the plaintiff, for the purpose of showing the character and habits of the horse, and that the defendants knew thereof and of the effect of driving this horse and wagon down this hill with loads of this character, offered to show, by persons who had from time to time observed the facts, that for a long time before the occasion in question, and immediately anterior thereto, these loads, like in character to this one, were habitually and continually hauled down this hill by the defendants, with this horse and driver, at such speed that the horse could not control the load, that is, at a like speed to that on the occasion in question." The judge excluded this evidence.

It is clear that, upon the issue whether, at the time of the accident, the defendants' wagon was so overloaded that their horse could not control it, evidence that the defendants had at other times, frequently or infrequently, in like manner overloaded their wagon, would not be competent. The issue being whether the defendants were negligent at one time, it was not competent to put in evidence of like acts of carelessness on their part at other times. *Gahagan* v. *Boston & Lowell Railroad,* 1 Allen, 187. *Maguire* v. *Middlesex Railroad,* 115 Mass. 239.

The plaintiff contends, in this court, that the evidence was admissible, as tending to show a vice or habit in the horse, and was competent upon the issue whether, at the time of the accident, he was going at a rapid rate of speed. If the plaintiff had offered to show that the defendants had trained the horse so that when, in driving, he came to this hill, he had the vice or habit of breaking into a rapid rate of speed, this would present a question which we need not consider, because it is not fairly raised by this bill of exceptions. Neither the pleadings nor the bill of exceptions intimate that the plaintiff relied upon any vice or habit of the horse as contributing to the injury. The offer was to show that " loads like in character to this one were habitually and continually hauled down this hill by the defendants, with this horse and driver, at such speed that the horse could not control the load." Fairly interpreted, this is an offer to prove the careless habit of the driver, and not any vice or habit of the horse. Evidence of acts of negligence of the defendants or their driver at other times, either in overloading their wagon or in driving at an unreasonable rate of speed, is not admissible upon either issue in this case.

*Exceptions overruled.*