SUSAN WENTWORTH, administratrix, *vs.* EASTERN RAILROAD
COMPANY.

Suffolk.　Nov. 11, 1886. — Jan. 6, 1887.　HOLMES & GARDNER, JJ.,
absent.

At the trial of an action against a railroad corporation for 'personal injuries
occasioned to the plaintiff by the alleged negligence of the defendant, it was a
material question whether a certain gas-burner near the rear of the defendant's
station was lighted at the time of the accident to the plaintiff. Two witnesses
produced by the defendant testified, on direct examination, that this burner was
lighted at the time of the accident. Upon cross-examination, they testified
that they had no memory of that particular night, but that it was the practice
to light it. The plaintiff was then allowed to show, by witnesses who had
visited the station after the accident, that this burner was often unlighted in the
evening. This testimony was admitted solely upon the ground that the defend-
ant's witnesses had testified that the knowledge they had as to the burner being
lighted on the night of the accident was derived from the fact that it was
always the practice to light it. *Held*, that the defendant had no ground of
exception.

TORT for personal injuries occasioned to the plaintiff's intes-
tate by the alleged negligence of the defendant. At the trial in
the Superior Court, before *Blodgett*, J., the jury returned a ver-
dict for the plaintiff; and the defendant alleged exceptions to
the admission of certain evidence, the nature of which appears
in the opinion.

*S. Lincoln*, for the defendant.

*F. S. Hesseltine*, (*W. H. Hart* with him,) for the plaintiff.

MORTON, C. J. It was a material question at the trial
whether a certain gas-burner near the rear of the defendant's
station in Chelsea was lighted at the time of the accident to the
plaintiff's intestate. Two witnesses produced by the defendant
testified, on direct examination, that this burner was lighted at
the time of the accident; but, upon cross-examination, they tes-
tified that they had no memory of that particular night. The
fair result of their testimony, as reported, is, that they knew
it was lighted on that evening because the uniform practice or
custom before, at, and after the time of the accident was to light
this burner every night.

The Superior Court allowed the plaintiff to show, by wit-
nesses who had visited the station after the accident, that this

burner was often unlighted in the evening.   This testimony was admitted solely upon the ground that the defendant's witnesses had testified that the knowledge they had as to the burner being lighted on the night of the accident was derived from the fact that it was always the practice to light it.

It seems to us that the course of the defendant at the trial was such as to make the question whether there was such a uniform practice or custom a material one, at least to the extent that the plaintiff might be permitted to contradict the witnesses by showing that there was no such practice.   The defendant introduces a witness who swears positively to an important fact: upon full examination, it turns out that he can swear to this fact only as an inference from the existence of another fact, namely, that of a practice always to light the gas-burner in question, which he alleges to be true.   We think the plaintiff may be permitted to show that the fact of such practice, which is the source and basis of the knowledge of the witness, from which he infers the main fact, does not exist and is not true, without violating the rights of the defendant.   It tends to contradict the witness, and to show that his testimony in chief is not to be relied on.

The extent to which the investigation as to this practice may be pursued must be largely within the discretion of the court, and we cannot say that the testimony allowed in this case was entirely irrelevant and immaterial.

*Exceptions overruled.*