JANE E. TUTTLE *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk. March 14, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Loss of Life — Grade Crossing of Railroad — Ringing of Bell — Evidence — Contradiction of Witness.*

In an action against a railroad company for causing the death of a traveller at the crossing of a highway at grade, on the issue whether the bell upon the locomotive engine was rung upon approaching the crossing it is not competent for the defendant to show that the bell was generally rung there, or for the plaintiff that it was usual to omit ringing it there, and in either case to ask the jury to infer that the bell was then rung or was not then rung.

On the issue whether a locomotive engine bell was rung upon approaching a highway crossing at grade, a witness to the ringing, whose cross-examination shows that he relied to some degree upon his recollection, but mostly upon the fact that the bell was generally rung there, cannot be contradicted by evidence that the bell was not always rung at the crossing.

TORT, by the administratrix of the estate of Joseph F. Tuttle, for causing his death. At the trial in the Superior Court, before *Blodgett*, J., there was evidence that the intestate was killed in

the night-time by a freight train at the crossing of the defendant's railroad by a highway at grade. On the issue whether the bell upon the locomotive engine was rung and the whistle sounded as the train approached the crossing, one Knowlton testified that the bell was not so rung nor the whistle sounded at the time of the accident. One Halpin, a brakeman upon the train, testified that, as the engine approached and went over the crossing, he was sitting upon the fireman's seat in the cab of the locomotive engine ringing the bell. On cross-examination, after testifying that he rung the bell at every one of the twenty-eight crossings between the crossing in question and Fitchburg, except at one where the fireman rang it, as he was then out on the train, and that he had rung the bell every night for the two years he had been on the train, his testimony proceeded as follows.

Question. "And you know that that bell was never omitted to be rung when that freight train was going across that crossing?" Answer. "No, sir; when I did not ring it, the fireman did." — Q. "Now is not your confidence that that was rung that night the same sort of confidence that you have that you rang it at all the rest of the crossings, and that you rang it every night that you passed it?" A. "I rang it every night that I passed it, when I was sitting on the fireman's seat." — Q. "You have the same confidence in having rung it every night before that you had that same night?" A. "Yes, sir." — Q. "Is not your belief that you rang it that night due to your belief that you always rang it whenever you crossed that crossing?" A. "Yes, sir; I believe that I rang it that night as much as I did any other night." — Q. "And you believe that you rang it that night because you always did ring it?" A. "Yes, sir." — Q. "You had nothing special to call your attention to this particular crossing until the next day, when you heard that somebody had been killed there?" A. "No, sir; that was all I heard." — Q. "Did you hear of it the next morning?" A. "No, sir; not till the next evening." — Q. "So you had no occasion to recollect anything until the evening of the following day." A. "No, sir."

The plaintiff recalled Knowlton, and asked him whether, previously to the night in question, he had noticed whether or not

the bell on this locomotive engine had been rung and the whistle sounded. This question was objected to by the defendant, and the evidence was excluded.

The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*D. E. Ware*, for the plaintiff.

*G. A. Torrey*, for the defendant.

FIELD, J. It was not competent for the defendant to prove that its servants usually rang the bell at this crossing, and to ask the jury to infer therefrom that it was rung at the time of the accident; neither was it competent for the plaintiff to prove that the defendant's servants often or usually omitted to ring the bell at this crossing, and to ask the jury to infer therefrom that the bell was not rung at the time of the accident. It is not a case where proof or disproof of a habit of ringing the bell was competent evidence on the main issue. The plaintiff's counsel concedes this.

The defendant's witness, Halpin, on direct examination, testified, apparently from recollection, that he rang the bell at the time of the accident. The cross-examination was intended to show that he believed that he or the fireman always rang the bell at this crossing, and that therefore he inferred from this usage that he rang the bell at the time of the accident, but that he did not remember that he rang it. So far as it had this effect, it tended to discredit his testimony. The cross-examination, as we interpret it, did not show that he had no recollection whatever of ringing the bell at the time of the accident; if it had, his testimony should have been excluded. The testimony elicited on cross-examination for the purpose of testing the recollection of the witness, as it did not contain facts which were themselves relevant to any other matter involved in the trial, could not be contradicted by other evidence. In *Wentworth* v. *Eastern Railroad*, 143 Mass. 248, the evidence contradicted was evidence of a uniform practice, and it was tacitly assumed that such evidence was competent in that case. The case at bar more nearly resembles *Davis* v. *Keyes*, 112 Mass. 436. See *Commonwealth* v. *Cain*, 14 Gray, 7 ; *Whitney* v. *Gross*, 140 Mass. 232.

*Exceptions overruled.*