CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY v. N. J. PORTER-
FIELD ET AL.

No. 757. Decided February 9, 1899.

**Evidence—Immaterial Error—Proof by Other Witnesses.**
Error in the admission, over objection, of evidence that trains on other occasions omitted to give the signals required by statute at the crossing where the injury occurred, becomes immaterial where previous and subsequent witnesses testified, without objection, to the same fact.

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Wise County.

Porterfield sued the railway company for damages from death of a husband by defendant's negligence through injuries at a railway crossing, and obtained judgment, which was affirmed on appeal, whereupon the company obtained writ of error.

*T. J. McMurray,* for plaintiff in error.—The court erred in permitting plaintiff's counsel to ask the witness J. B. Blanton as to the habits of defendant's engines whistling at the post at the entrance to the mouth of the cut, and in permitting the witness to answer that it was not uncommon for them to pass that whistling post and not whistle, because same was immaterial and irrelevant. Railway v. Rowland, 82 Texas, 167; Railway v. Payne, 35 S. W. Rep., 297.

*R. E. Carswell,* for defendants in error.—If the testimony of the witness Blanton was incompetent, its admission can not be complained of by plaintiffs in error, because in all human probability it was not injured by its admission, (1) because the same facts were proven and established by the testimony of three other witnesses without objection, and their testimony was not controverted; (2) because the evidence of plaintiff's witnesses conclusively shows that on the occasion of the accident the whistle was not blown at the distance of eighty rods from the crossing. Hittson v. Bank, 41 S. W. Rep., 993; Clarkson v. Whitaker, 33 S. W. Rep., 1032; Insurance Co. v. Faires, 35 S. W. Rep., 55; Railway v. Jagoe, 32 S. W. Rep., 718; Car Co. v. Smith, 79 Texas, 471; Railway v. Gallaher, 79 Texas, 689; Titus v. Johnson, 50 Texas, 240; Dailey v. Starr, 26 Texas, 562; Railway v. Gay, 27 S. W. Rep., 743; Burgher v. Henderson, 29 S. W. Rep., 522; Dallas v. Miller, 27 S. W. Rep., 498; Massie v. Meeks, 28 S. W. Rep., 44; Cohen v. Oliver, 29 S. W. Rep., 81; Railway v. John, 29 S. W. Rep., 558; Jackson v. Cable, 27 S. W. Rep., 201; Johnson v. Stratton, 25 S. W. Rep., 683; Evans v. Martin, 25 S. W. Rep., 688; Slocum v. Putnam, 25 S. W. Rep., 52; Land Co. v. Hyland, 28 S. W. Rep., 214; Rosewater v. Schwab, 25 S. W. Rep., 73; Lane v. Lane, 21 S. W. Rep., 99; Foster v. Railway, 21 S. W. Rep., 916; Bank v. Flanagan, 31 S. W. Rep., 773; Flanagan v. Boggess, 46 Texas, 330; Guerin v. Patterson, 55 Texas, 124.

BROWN, Associate Justice.—This suit was brought by N. J. Porterfield, wife of W. W. Porterfield, who sued in behalf of herself and her minor children, and by N. Porterfield, the father of the deceased, to recover damages for the death of W. W. Porterfield, alleged to have been caused by the negligence of the railway company at a crossing near the town of Chico, Wise County. One of the grounds of negligence relied upon was that the servants of the railway company operating the train failed to blow the whistle and ring the bell on approaching the crossing at which the accident occurred, as required by law. Over the objection of the defendant, the court permitted J. B. Blanton, a witness for the plaintiffs, to testify as follows: "I have noticed the trains on the Rock Island going north into that cut before this accident, and it is not an uncommon thing for them to pass that whistling post and not whistle; no uncommon thing for them to pass the post and whistle after [they] went into the cut." Before the witness Blanton testified, J. O. Fulghim, for plaintiff, stated without objection: "I had noticed that train frequently passing those crossings and not whistling, and the freight trains would do the same way, go by the whistling post and not whistle." Other witnesses for the plaintiff who testified after Blanton stated in substance the same fact; there was no evidence tending to contradict these witnesses upon that point.

The writ of error was granted upon the third assignment of error embraced in the application, which is as follows: "The Court of Civil Appeals erred in approving the action of the District Court in permitting witness J. B. Blanton to testify as to the custom of other trains whistling

passing that post." It was error to admit the testimony objected to, but it is harmless, because the same fact had been proved before objection was made and by other witnesses afterwards. The evidence is undisputed upon this collateral. issue, and if Blanton's evidence had been excluded,. the jury must have found that fact against the defendant. Railway v. Gallaher, 79 Texas, 689; Titus v. Johnson, 50 Texas, 240.

The judgments of the District Court and Court of Civil Appeals are. therefore affirmed.

*Affirmed.*