ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS et al. v. GILBERT.

(Court of Civil Appeals of Texas. April 20, 1911.)

1. EVIDENCE (§ 244*)—DECLARATIONS BY EMPLOYÉ—RES GESTÆ.

On an issue whether a locomotive set a fire, declarations of an engineer two or three years previously that the company's locomotives had no spark arresters were inadmissible, not being part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

2. RAILROADS (§ 481*)—FIRES—CAUSE—EVIDENCE.

On an issue whether a locomotive set a fire, plaintiff could not testify that two or three years previously he examined locomotives of the company, and that they had no spark arresters.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in admitting testimony is rendered harmless by admission without objection of other testimony to the same effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

4. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.

An instruction that railway companies sued for setting a fire were bound to use ordinary care to equip their engines with the "latest" appliances for preventing escape of fire was harmless, where there was no testimony tending to show that there were any later or better spark arresters than those used by defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4221–4224; Dec. Dig. § 1064.*]

5. DAMAGES (§ 217*)—INJURY TO PROPERTY—FIRES.

Instructions in an action for a burning over of land authorizing recovery for injury to the sod, and for the value of grass, should be so framed as to require the jury in determining the damages on account of injury to the sod to exclude from consideration, in determining the value of the land before the fire occurred, the value of the grass then growing thereon.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 556–559; Dec. Dig. § 217.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by H. C. Gilbert against the St. Louis Southwestern Railway Company of Texas and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

E. B. Perkins and Spoonts, Thompson & Barwise, for appellant St. Louis Southwestern Ry. Co. of Texas. Andrews, Ball & Streetman and Chapman & Lockett, for appellant St. Louis, S. F. & T. Ry. Co.

WILLSON, C. J. Appellee owned 31½ acres of land contiguous to the right of way of a line of railway owned by appellant the St. Louis Southwestern Railway Company of Texas. By some arrangement between said railway company and the other appellant, the St. Louis, San Francisco & Texas Railway Company, the latter also operated trains over said line of railway. August 7, 1907, as the result of fire set out on said land, or on said right of way and from thence spreading to the land, two stacks of straw and some fence posts situated thereon, and grass growing thereupon, were destroyed, and by the burning of the turf thereof it was alleged the land was injured. Alleging the fire to have been negligently set out by appellants in the operation of their engines over said line of railway, appellee sought a recovery against them of the sum of $567.20 and interest thereon from said August 7, 1907, as his damages. The verdict and judgment were in his favor for the full amount sued for.

[1] The cause was tried February 15, 1910. The testimony relied on to prove that the fire was set out by an engine operated over the railway was entirely circumstantial. Appellee was a witness in his own behalf. With reference to the equipment of engines operated over the line of railway, he testified: "I noticed two Frisco engines. That has been two or three years back. I don't remember the year. They had no spark arresters on them. They were at Smithfield at that time. I talked with an engineer in regard to the matter." He was then asked by his counsel: "What did the engineer say?" The question was objected to by appellants on the ground that what the engineer said would be hearsay as to them. The objection was overruled, and in reply

to the question appellee was permitted to testify that the engineer said: "They burned inferior coal, cheap coal, and he could not keep up steam with the spark arresters in there and he had cut them out." The testimony should have been excluded. To have been admissible as evidence against appellants the declarations of the engineer must have been, and clearly they were not, a part of the res gestæ of the fire. Railway Co. v. Haskell, 4 Tex. Civ. App. 550, 23 S. W. 549; Railway Co. v. Robinson, 73 Tex. 287, 11 S. W. 327; Waggoner v. Snody, 98 Tex. 515, 85 S. W. 1134; 16 Cyc. 1022.

[2] Appellee was asked this question by his counsel: "Have you ever, about the time of the fire that destroyed your property, that you have already testified about, made any examination of engines of either the Frisco or Cotton Belt Railway with reference to their being provided with spark arresters or not?" The question was objected to as too general. The objection was overruled, and the witness answered: "Two or three years ago I had occasion to examine some of these engines on this track. They were at Smith-field at that time. They had no spark arresters. I examined two engines." The testimony, we think, was inadmissible. Railway Co. v. Rheiner, 25 S. W. 972. [3] But other testimony to the same effect seems to have been admitted without objection made thereto. The error in admitting the testimony complained of therefore must be treated as harmless. Railway Co. v. Puente, 30 Tex. Civ. App. 246, 70 S. W. 364; Railway Co. v. Porterfield, 92 Tex. 442, 49 S. W. 361.

In cross-examining appellee while he was testifying as a witness, appellants asked him to state how many suits he had had against one of them—the St. Louis Southwestern Railway Company of Texas. His counsel objected to the question. Thereupon the following occurred: "Defendants' Counsel: I think it is a proper question to show whether or not as a matter of fact he has been continuously in litigation with the roads. It might have a bearing on the weight of his testimony. Plaintiff's Counsel: Might as well swear whether they have been burning up his pasture, fences, and other things continuously. I don't know that it has any bearing upon this trial, the fact they may have been burning him up there constantly, without having sufficient spark arresters on their engines to prevent it, and that their own negligence has caused him this terrible injury and loss. That can go before this jury, I think, properly. Defendants' Counsel: We except. Plaintiff's Counsel: Yes; they except when I say anything about suits having arisen from their negligence. Defendants' Counsel: Note the exception. Note our exception also to the remarks about not having sufficient spark arresters. The Court: I don't believe that question will have any bearing on the case. Gentlemen of the jury, you will not consider the remarks of either

gentleman." We think the remarks of appellee's counsel were improper, and materially so, because calculated to prejudice the minds of the jury against appellants. As the cause will be remanded for a new trial because of other errors committed on the trial, we will not determine whether the remarks should be held to require a reversal of the judgment, notwithstanding the instruction of the court to the jury not to consider them. It is not likely on another trial that the rules intended to control in the conduct of trials of cases will be again so violated.

[4] The court instructed the jury that it was the duty of appellants to exercise ordinary care to equip their engines with the "latest and best approved appliances for preventing the escape of fire." Appellants insist that the instruction was erroneous in so far as it defined their duty to be to equip their engines with the "latest" of such appliances. In Railway Co. v. Gentry, 74 S. W. 607, an instruction like the one here objected to was held to be erroneous; the court saying: "There may have been later and better improved spark arresters than the one with which the engine was equipped, but same may not have been in general use. The company was only required to show that it had used ordinary care to provide its engine with the most approved spark arrester in general use." In this case, however, we think the error in the charge was a harmless one, as there was no testimony tending to show that there were any later or better spark arresters than those used by appellants on their engines.

[5] The court instructed the jury as follows: "The measure of damages for injury to the sod, if you believe the sod was injured, would be the difference, if any, between the market value of the land immediately before the fire and said market value immediately after said fire, with 6 per cent. interest from the date of fire on said difference, and you are instructed that the measure of damages for the grass, straw, and posts would be the intrinsic or actual value, if any, of said grass, straw, and posts at the place where they were destroyed, with 6 per cent. interest from the date of the fire." The objection to the instruction is that it authorized a double recovery on account of the grass destroyed. The value of the grass growing upon the land immediately before the fire occurred under the instruction might have been considered by the jury in determining the value of the land at that time. As the measure of damages for injury to the sod was made to depend upon the difference in the value of the land at that time and its value immediately after the fire occurred, the difference might have included the value of the grass. As a part of the damages covered by their verdict the jury may also have found, as authorized by the charge, the value of the grass without respect to the land. So

the verdict may have been for the value of the grass as a part of the land and its value apart from the land. On another trial the instruction should be so framed as to require the jury in determining the damages on account of injury to the sod to exclude from consideration in determining the value of the land before the fire occurred the value of the grass then growing thereupon.

The judgment is reversed, and the cause is remanded for a new trial.