**GULF, C. & S. F. RY. CO. v. TARVER, STEELE & CO. et al.  (No. 1466.)**

Court of Civil Appeals of Texas.  Beaumont.
May 11, 1927.

Rehearing Denied May 25, 1927.

**1. Courts ⬤⟾106—Court of Civil Appeals ordinarily points out lack or insufficiency of evidence in reversing finding on that ground.**

Court of Civil Appeals will ordinarily point out the insufficiency, in reversing, for lack or insufficiency of evidence, the finding of a jury or a trial court on an issue of fact.

**2. Appeal and error ⬤⟾1039(13)—Variance as to time of issuance of compress tickets held immaterial, where material issue was whether railway received and wrongfully delivered them.**

Variance between allegations and proof as to relative time of railway's receipt of bill of lading and compress company's issuance of compress tickets held not material, where the material issue in the case was whether the tickets were in fact issued by the company and received and wrongfully delivered by the railway.

**3. Appeal and error ⬤⟾742(4)—Proposition that evidence of custom is inadmissible to prove actual occurrence held abstract and violative of court rule (Court of Civil Appeals rule 30).**

Proposition, in connection with alleged error of trial court in permitting introduction of evidence, that "evidence of custom is not admissible to prove actual occurrence and is highly prejudicial" held so abstract and general as to be violative of rule 30 of the rules for the Courts of Civil Appeals relating to briefing.

**4. Appeal and error ⬤⟾742(1)—"Proposition" or "point," within rule, means distinct ground of reversal applied to particular case (Court of Civil Appeals rule 30).**

"Proposition" or "point," within rule 30 of the rules for Courts of Civil Appeals, means a distinct ground of reversal as applied to particular case in review, and as raised by one or more assignments of error.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Point; Proposition.]

**5. Appeal and error ⬤⟾1050(1)—Admitting evidence of railroad's custom held harmless, if error, where objection was not raised to much evidence of same character.**

Admitting over objection evidence of custom of dealing between railroad and compress company in handling shipments of cotton *held* harmless, if error, where complaining railroad proved substantially the same facts by its own witness, and much evidence of the same character was introduced without objection.

**6. Trial ⬤⟾178—Trial court was required to disregard evidence of party demanding peremptory instruction, in determining whether special issues should go to jury.**

In determining whether special issues should go to jury, the trial court had to ignore all evidence offered on that point by party demanding peremptory instruction.

**7. New trial ⬤⟾159—On motion for new trial, court must determine sufficiency of evidence as whole, to support finding on special issues.**

On motion for new trial, court *held* required to determine sufficiency of evidence as a whole, to support jury's finding on issues submitted to them.

Error from District Court, Shelby County; R. T. Brown, Judge.

Action by Tarver, Steele & Co., a partnership composed of C. L. Tarver and another, against the Gulf, Colorado & Santa Fé Railway Company and the Timpson Compress Company. Judgment for plaintiffs against the first-named defendant, and against plaintiffs and for the ·second-named defendant, and the Railway Company brings error. Affirmed.

E. H. Carter, of Center, and Young & Stinchcomb, of Longview, for plaintiff in error.

J. P. Anderson and Sanders & Sanders, all of Center, and J. R. Bogard, of San Augustine, for defendants in error.

HIGHTOWER, C. J.  This suit was filed by defendants in error Tarver, Steele & Co., a partnership composed of C. L. Tarver and L. B. Steele, in the district court of Dallas county, against the Gulf, Colorado & Santa Fé Railway Company and the Timpson Compress Company, as defendants, to recover the value of 10 bales of cotton. Plaintiffs alleged, in substance, that on or about September 9, 1917, they purchased 10 bales of cotton at Center, Tex., and delivered the cotton to the Gulf, Colorado & Santa Fé Railway Company to be carried by that company to the town of Timpson, in Shelby county, and there to be delivered to the Timpson Compress

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Company for compression; that the railway company carried and transported the 10 bales of cotton to Timpson and delivered same to the Timpson Compress Company, taking compress receipts or tickets issued by the compress company showing the delivery by the railway company of the cotton to the compress company; that thereafter the railway company wrongfully delivered the compress tickets to some person or persons who were not the owners of the cotton and were not entitled to the compress tickets, and that in consequence of such wrongful delivery of the compress tickets the cotton which they represented was wholly lost to the plaintiffs, and they prayed for recovery for its value, with 6 per cent. interest thereon from the date of its loss, against both the railway company and the compress company.

Upon a plea of privilege filed in the district court of Dallas county by the Timpson Compress Company, the case was transferred to the district court of Shelby county, where it was finally tried in that court November 11, 1925.

The Gulf, Colorado & Santa Fé Railway Company answered by general demurrer, general denial, and specially averred that, if the compress tickets mentioned in the plaintiffs' petition were in any way diverted or lost, they were not diverted or lost or wrongfully delivered by the railway company or any agent acting for it; that the bill of lading, under which the cotton mentioned moved, was received by the railway company's agent in Timpson, before the delivery of the cotton to the compress company, and that there was, therefore, no reason for the railway company to receive the compress tickets at all; that the railway company, in accordance with its transportation contract, transported the cotton to Timpson and delivered the same to the compress company for compression, and that if the cotton was lost to the plaintiffs, the railway company was not liable therefor; that if any agent of the railway company ever had possession of or in any manner handled the compress tickets representing the cotton in question, then such agent had possession of the tickets and handled them for the plaintiffs, or for the Security National Bank of Dallas, and not for the railway company, and that if such agent permitted some person other than the plaintiffs to get possession of the compress tickets and thereby obtain the cotton which they represented, or if such agent gave the tickets to some person other than the plaintiffs, he did so while acting as agent of the plaintiffs, or as agent of the Security National Bank of Dallas, and that the railway company was not liable for his act.

The Timpson Compress Company answered the plaintiffs' suit, denying any liability for the loss of the cotton, and since neither party to this appeal is complaining of the judgment as to the compress company, any further statement of its answer becomes immaterial.

The case was tried with a jury and submitted upon special issues, all of which were answered in favor of the plaintiffs Tarver, Steele & Co. and against the Gulf, Colorado & Santa Fé Railway Company, and upon the verdict judgment was entered in favor of the plaintiffs against the Gulf, Colorado & Santa Fé Railway Company for the aggregate amount of $1,561.37, with interest on that amount at the rate of 6 per cent. per annum from the date of the judgment, and judgment was also entered in favor of the Timpson Compress Company to the effect that the plaintiffs take nothing as against that defendant. From the judgment so entered, the Gulf, Colorado & Santa Fé Railway Company prosecutes this appeal.

For brevity, we shall refer to the Gulf, Colorado & Santa Fé Railway Company as appellant, and to Tarver, Steele & Co. as the appellees.

Appellant's first and main contention in this case is that the trial court was in error in refusing to peremptorily instruct a verdict in its favor. In this connection, appellant's first proposition is, in substance, that there was no evidence tending to show that the compress tickets for the 10 bales of cotton in question, or any of them, were ever delivered to or received by appellant or any agent acting for it, and that, therefore, the trial court should have instructed peremptorily in its favor.

[1] We have gone through the entire statement of facts in this record, as well as the briefs of counsel for both sides, and we have concluded that we would not be authorized to hold that there was no evidence authorizing the trial court to submit the issue to the jury as to whether or not the compress tickets were delivered to and received by appellant, as claimed by the plaintiffs. It is true that two of appellant's agents at Timpson, Mr. H. R. Forey and Mr. E. F. Bistiline, who handled the shipment of cotton in question, testified that the compress tickets were not delivered to either of them, and that they never saw the compress tickets representing this cotton. Both of these agents testified that the bill of lading, under which the cotton moved, reached Timpson from Dallas on the 10th of September, 1917, which was before the cotton itself arrived in Timpson to be delivered to the compress company, and that, having received the bill of lading for the cotton, there would have been no use for the railway company's having in its possession the compress tickets, and both of these agents testified that they had no recollection whatever concerning the compress tickets, if they were ever issued. On the other hand, there is evidence in this record, together with circumstances, sufficient in our opinion to warrant the trial court's submission of this

issue to the jury and to warrant the finding of the jury on this issue. We shall not go into detail in discussing the evidence in favor of the plaintiffs on this issue, because it is our custom, where we uphold a jury's verdict on a finding of fact, to simply state that we have concluded from the record that the verdict has support in the evidence, without undertaking to prove that it has by detailing the evidence on that point. Where, however, we reverse a jury's finding or a trial court's finding on an issue of fact because of lack or insufficiency of evidence, we feel that it is our duty to point out the insufficiency, and we usually do so.

Appellant's next contention as to why the verdict should have been peremptorily instructed in its favor is that the undisputed evidence in this case showed that if the compress tickets were received or handled by either of its agents at Timpson, and that they were wrongfully delivered to some person other than the plaintiffs, that such agent or agents were not representing appellant in receiving and handling the compress tickets, but represented the plaintiffs themselves or the Security National Bank of Dallas, which, at the direction of plaintiffs, sent the bill of lading to appellant's agent at Timpson, with instructions to hold the same, but to take up compress tickets for the cotton and forward them back to the Dallas bank to be delivered to the plaintiffs. We are constrained to hold against appellant on this contention. We think that it is clear and beyond dispute from the testimony of its agents at Timpson who handled this cotton transaction that neither of them represented the plaintiffs or the Dallas bank in receiving and handling these compress tickets, if they ever received or handled them. It is clear from the testimony of both of these agents that whatever they did in handling this shipment of cotton they did as the agents of appellant. Therefore the trial court should not have instructed a verdict in favor of appellant on this ground. Nor did the trial court err, as contended by appellant, in refusing to submit to the jury a special issue as to whether its agent or agents at Timpson, in receiving and handling these compress tickets, acted for the Dallas bank or the plaintiffs Tarver, Steele & Co. The court would not have been warranted in submitting that issue, in view of the state of the evidence relating to it.

[2] It was alleged by the plaintiffs in this case, in substance, that the cotton in question was delivered by the railway company to the compress company at Timpson before the bill of lading was received by the railway company at that point, and that the compress tickets or receipts were thereupon issued and delivered to the railway company before it received the bill of lading. Now appellant contends that, since the undisputed evidence in this case showed that the railway company received the bill of lading under which this cotton moved before the cotton was delivered to the compress company, and before the compress tickets were issued, there was a fatal variance between the allegations in the plaintiff's petition and the proof, and that, therefore, appellant was entitled to a peremptory instruction. It is true, as asserted by counsel for appellant, that the undisputed evidence in this case shows that the bill of lading was received by appellant's agent at Timpson before the cotton reached there, having been forwarded from the Dallas bank, as directed by the plaintiffs, and that, therefore, the bill of lading must have been received by the agent of appellant before the compress tickets were issued, but we fail to see where this could constitute any fatal or material variance between the plaintiffs' allegations and the proof on this point. The material issue and inquiry in this connection was whether the compress tickets were in fact issued by the compress company and received by appellant, and whether they were wrongfully delivered to some person who did not own the cotton, in consequence of which the cotton was lost to the plaintiffs. The record discloses the fact that these compress tickets, after being issued by the compress company, were delivered by some one to the Turner Hardware Company of Longview, Tex., and that that company turned these tickets back and received the 10 bales of cotton which they represented, and the undisputed evidence in this case shows that the plaintiffs lost this entire shipment of cotton because of the fault of some one in wrongfully delivering these compress tickets to some one who was not entitled to them. These tickets, 10 in number, 1 representing each bale of cotton, were negotiable. They were not issued in the name of any particular person, but showed on their face that each ticket represented a separate bale of cotton, and any person into whose possession a ticket came had the right to demand from the compress company the cotton that his ticket represented.

[3] Able counsel for appellant further contend that the trial court committed error in permitting the introduction of evidence, over its objection, showing the custom or course of dealing between it and the compress company in handling shipments of cotton such as this was. The proposition in this connection is as follows:

"Evidence of a custom is not admissible to prove an actual occurrence at a given time, and such evidence is highly prejudicial to the party against whom it is given."

Counsel for appellees, in their brief, strenuously object to a consideration of this proposition by this court, on the ground that it is entirely too general and is no proposition at all. It will be seen at a glance that this so-called proposition is a most general, abstract proposition of law, and it does not ap-

pear therefrom that it could have any application whatever to the facts in this case. It is clear that this proposition is so general and abstract that it is violative of rule 30 for the government of Courts of Civil Appeals in the briefing of causes.

[4] As said by Chief Justice McClendon in Wright v. Maddox (Tex. Civ. App.) 286 S. W. 607:

"A proposition or point as used in this rule means a distinct ground of reversal as applied to the particular case in review, and as raised by one or more assignments of error."

Quoting from Shanks v. Carroll, 50 Tex. 17, he further said:

" 'In each proposition should be propounded or affirmed some matter or thing done or refused to be done in the court below, embraced in the appropriate assignment of error, for which the judgment should be reversed, or sustained.' "

And, further:

"A mere abstraction, a term repeatedly used by the courts from the earliest decisions upon the rule requiring propositions, is not a proposition within the meaning of the rule. In order to comply with the rule, the proposition must present something tangible and not a mere abstraction or generalization affirming what is alike applicable to all cases. Texas & P. Ry. v. Middleton, 27 Tex. Civ. App. 481, 65 S. W. 378. Mere general or abstract propositions of law are matters properly embraced in the argument, but their statement, when not accompanied with an explanation of their applicability to the particular ruling complained of, furnishes no clew by which the court can be acquainted with the issues it has to determine, and is therefore not a compliance with rule 30."

[5] If, however, we should be mistaken in the view that we cannot entertain this general abstract proposition, still we are of the opinion that it would have to be overruled, for the reason that there was much evidence along the line that this particular objection has reference to that was adduced upon the trial by both sides without any objection on the part of appellant. An examination of the record discloses that appellant proved, substantially, the same facts by its own witness, Mr. Forey, that it now complains of by the assignment upon which this proposition is based. But if not so, there is quite a good deal of evidence in this record bearing upon the question of custom and course of dealing between the railway company and the compress company and buyers and shippers of cotton for compression, such as the shipment in question, and much of this character of evidence was introduced without any objection from anybody. This being so, the error, if any, complained of by the proposition under consideration was harmless. Chicago, R. I. & T. Railway Co. v. Porterfield, 92 Tex. 442, 49 S. W. 361.; Western Union Telegraph Co. v. Gorman (Tex. Civ. App.) 174 S. W. 925; Southern Pacific Co. v. Vaughn (Tex. Civ. App.) 165 S. W. 885; Fort Worth Railway Co. v. Cabell (Tex. Civ. App.) 161 S. W. 1083.

What we have just said disposes also of appellant's sixth proposition, with the further remark that this proposition seems to be based upon no assignment of error, so far as we are able to determine.

[6, 7] There are other contentions made by appellant touching the action of the court in admitting evidence over its objection, but the bills in this connection, as explained and qualified by the trial judge, fail to show, we think, any error whatever that could possibly be prejudicial to appellant, and these contentions are overruled. As stated in the beginning of this opinion, the most serious question made by this appeal is whether or not the evidence adduced upon the trial was sufficient to warrant the jury's finding that the compress tickets in question were received by appellant and turned over to some one not entitled to same, in consequence of which the plaintiffs lost their cotton. In determining whether or not that issue should have gone to the jury, the trial court had to ignore all evidence offered by appellant on that point and consider whether the facts and circumstances introduced by the plaintiffs were sufficient to carry that issue to the jury, and then upon motion for new trial whether the evidence on that issue as a whole was sufficient to sustain the jury's finding. We have concluded, as stated above, that the trial court did not err in submitting that issue to the jury, and further hold that we would not be authorized to disturb the jury's finding on that issue. It results that the judgment must be affirmed, and it has been so ordered.