## CHICAGO, R. I. & G. RY. CO. v. VINSON.
### No. 4020.

Court of Civil Appeals of Texas. Amarillo.
May 10, 1933.

Rehearing Denied June 14, 1933.

Tatum & Strong, of Dalhart, for appellant.

W. M. Williams, of Mangum, Okl., and Works & Bassett, of Amarillo, for appellee.

MARTIN, Justice.

In July, 1931, L. M. Vinson and a companion were engaged in hauling wheat by a truck to an elevator at Texhoma. Their route of travel was southwesterly-northeasterly along the line of appellant's railway for a distance of some four miles, where it turned at right angles and crossed the railroad track. Vinson's companion was driving the truck. He testified, in substance, that, when he approached this crossing, and about fifty feet from same, he stopped the truck and looked both ways for an approaching train, but neither saw nor heard any. He proceeded toward the crossing at a speed of some four or five miles per hour, and his truck was struck by a passing train. L. M. Vinson received injuries from which he died in a few weeks time. His father, appellee herein, brought suit against appellant individually and as administrator of the estate of L. M. Vinson, for damages.

The two main grounds of negligence alleged are: A failure of appellant's servants in charge of the train to sound the whistle or ring the bell, as required by law, before reaching the crossing in question. These two questions of negligence, with appropriate corollary issues, were submitted to the jury, and all of them were answered in favor of appellee. The defense pleaded by appellant was contributory negligence on the part of the occupants of the truck in question. All defensive issues were answered against appellant, and judgment was entered for appellee.

Vigorous contention is made that the evidence did not support the findings of the jury. The statement of facts shows a hotly contest-

ed and close issue on these. Particularly is this true with reference to whether or not appellant's servants in charge of said train failed to blow the whistle and ring the bell as alleged and proven by appellee. The enginemen in charge testified positively that the whistle was blown and the bell rung on the occasion in question.

■Error is assigned to the action of the court in permitting certain testimony bearing upon one of these issues, and for the sake of accuracy, and to illustrate fully its general nature, we quote literally from the bill of exception presenting this matter, omitting its nonessentials:

"That while Rufus Walker, a witness for defendant, was being cross-examined by plaintiff's attorney, he was interrogated with reference to whether or not the trainmen operating defendant's locomotives always whistled for the crossing, to which question and the answer of said witness thereto, the defendant then and there and at the time objected, for the reason that such testimony was irrelevant, immaterial and prejudicial, and the Court at first sustained said objection, and plaintiff's attorney then stated to the Court that the engineer, H. R. Parkey, who was operating the locomotive on the defendant's train involved in the collision, had testified that he always whistled for all crossings, and the Court then stated that he would overrule said objection and permit said witness to answer said question, to which action of the Court the defendant then and there excepted, and said witness was permitted to testify, and did testify: 'Yes sir, I have observed that they (the trainmen) sometimes whistle and sometimes they don't whistle, that is the way they do all right—they always whistle though—but they don't whistle for crossing. I have known and my attention has been directed to the fact that they do not always whistle—that is a fact, they don't always whistle, but they do whistle more times than they don't whistle. I work hired hands and these boys of mine will bet on anything. One of them will bet that the engine won't whistle and another will bet that the engine will whistle—that is the way that I have noticed it.'

"That the above and foregoing testimony was admitted over defendant's objection, to which the defendant then and there excepted to the Court's ruling on its said objection and in admitting said testimony in evidence."

In our opinion, this bill of exception shows such prejudicial error as requires a reversal.

We quote the syllabus from the case of Tuttle v. Fitchburg Railroad Co., 152 Mass. 42, 25 N. E. 19, by the Supreme Court of Massachusetts: "As it is not competent to show that the bell was usually rung at the crossing, for the purpose of showing that it was rung at the time of the accident, so it cannot be shown that it was not always rung, for the purpose of contradicting a witness whose cross-examination shows that he, in his statement that the bell was rung, relies largely, though not wholly, on the fact that it was usually rung."

Also the third syllabi from the case of Eskridge's Ex'rs v. Cincinnati, N. O. & T. P. Ry. Co., 89 Ky. 367, 12 S. W. 580: "Testimony of a witness that she watched the trains after the accident, and only a few out of a large number whistled, and that trains did not usually whistle there, is inadmissible." See, also, 22 C. J. p. 746; Chicago, R. I. & T. Ry. v. Porterfield, 92 Tex. 442, 49 S. W. 361.

■ Testimony of what trainmen commonly did or did not do was not admissible, we think, in impeachment of the witness, and it is well settled that such testimony was not admissible to establish negligence under such issues as made here. Missouri, K. & T. Railway Company v. Johnson, 92 Tex. 380, 48 S. W. 568; Cobb Brick Co. v. Lindsay (Tex. Civ. App.) 277 S. W. 1107, 1111 and authorities there collated.

■ The testimony related only to the issue of the negligence alleged from failure to blow the whistle, but this issue is so intertwined with that of failure to ring the bell that we are not able to say that the error was harmless.

"Where improper testimony in its nature calculated to prejudice is permitted, the appellate court must presume that harm resulted therefrom unless it affirmatively appears from the record that it did not." 3 Tex. Jur. § 880. See, also, Missouri, K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508, 509.

The closeness of the issues already mentioned and the manifestly prejudicial character of this testimony accentuate this error, and make it impossible for us to say that it did not influence the jury and affect its verdict in some measure upon both issues of primary negligence.

■ It is claimed by appellant that the court failed to charge on the burden of proof. The only reference to this matter by the court was in the following paragraph of his charge: "Bearing in mind the foregoing definitions, I submit to you the following special issues and you will answer each of said issues as you find from a preponderance of the evidence, the facts to be, without regard to the effect that your answers may have as to which party may recover judgment on your findings."

The following illustrates the language used in submitting issues:

Issue No. 3: "Did the defendant's employees, in charge of the engine which collided with the truck and which L. M. Vinson

was riding in on the occasion in question, fail to blow the whistle on said engine a distance of at least eighty rods, or 440 yards from said crossing where said collision occurred? You will answer Yes or No."

■ Under the quoted instruction from the court, the jury may have understood that a negative answer to the issue above set out and others of like character could not have been made except from a preponderance of the evidence. Otherwise stated, this charge seems to require a preponderance of the evidence to support any answer made to these questions, whether affirmative or negative. The law is that the burden of proof is upon the plaintiff who charges negligence to establish it by a preponderance of the evidence. A mere failure to discharge this burden would require a negative answer to all issues submitting the existence of negligence as a basis for recovery. Such issues may be answered "No" without the jury believing that its response is supported by a preponderance of the evidence. In this respect the quoted charge is distinguishable from that discussed in St. Louis S. W. R. Co. v. Preston (Tex. Com. App.) 228 S. W. 928, and apparently relied on by appellee. There is some confusion in the authorities on this question, but the following recent cases, we think, support our conclusion: Psimenos v. Huntley (Tex. Civ. App.) 47 S.W.(2d) 622; Houston & T. C. R. Co. v. Stevenson (Tex. Com. App.) 29 S.W. (2d) 995; Continental Oil Co. v. Berry (Tex. Civ. App.) 52 S.W.(2d) 953; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210.

The objection lodged by appellant to the court's charge was perhaps too general to require a consideration of this question, and we have discussed the matter only because the case must be reversed.

■ Numerous special issues were requested by appellant, and their refusal is made the subject of assignments of error. Their discussion would unduly lengthen this opinion and serve no useful purpose. It is sufficient to say that many of appellant's requested charges were given, and that the court's charge as a whole seems to be an unusually full and fair one. In practically every instance the court had sufficiently covered the issues made in these refused charges and it seems profitless for us to point out wherein they were so covered.

The jury returned a finding of $8,000 damages for the mental and physical suffering caused the deceased and $5,000 actual damages to appellee. The record on another trial may not reflect the same state of facts, and we do not pass specifically on the assignments questioning the amount of the verdict, but feel it our duty to say that we are impressed with the correctness of appellant's view that it was excessive.

The judgment is reversed, and the cause remanded.