## MALONE v. MORTON SALT CO.
### No. 13314.

Court of Civil Appeals of Texas. Fort
Worth.
April 10, 1936.

Rehearing Denied June 12, 1936.

Natt M. Crawford and Enoch G. Fletch-
er, both of Grand Saline, for appellant.

Preston Calvert, of Grand Saline, for ap-
pellee.

BROWN, Justice.

Appellant's brief contains six para-
graphs, designated as assignments of error.
They are as follows:

"1. The verdict of the jury is contrary
to the law and the evidence.

"2. The court erred in refusing to grant
plaintiff's special requested charge No. 2.

"3. The court erred in overruling plain-
tiff's objections to special issue No. 1.

"4. The court erred in overruling plain-
tiff's exceptions and objections to that part
of the court's charge which is as follows:

"'If you have answered the foregoing
issue "no," then you need not answer the
following issue. But if you have answered
the question "yes," then you will answer
the following issue.'

"5. The court erred in refusing to strike
the paragraph quoted above from his
charge.

"6. The court erred in overruling plain-
tiff's amended motion for new trial."

The first, fifth, and sixth assign-
ments of error are entirely too general to
warrant consideration. Thompson v.
Smith (Tex.Com.App.) 248 S.W. 1070.

The function of an assignment of
error is to clearly bring to the attention of
the appellate court some act or ruling on
the part of the trial court, or thing done
during the trial, asserted to be prejudicial
to the rights of the appealing party. Un-
less the assignment of error is, of itself, a
proposition of law, each assignment of er-
ror must be supported by a distinct proposi-
tion of law.

The function of a proposition of law
is to clearly and definitely point out to the
appellate court why the matter complained
of constitutes a prejudicial error, as ap-
plied to the assignment of error to which it
is germane.

The second, third, and fourth as-
signments of error, although quite general,

may be good if supported by proper propositions. For example, the second assignment of error does not attempt to tell the court why the trial court erred in refusing to grant the special requested charge referred to. And the appellant should have supported this assignment of error with a proposition advising the appellate court how and why the trial court erred in refusing to give the charge.

What we have said with reference to the second assignment of error is applicable to the third and fourth assignments of error.

Turning to the propositions in appellant's brief, we find seven, and they are as follows:

"1. Controverted issues of the fact should be submitted to the jury.

"2. The maintenance of any plant or establishment that worketh hurt or damage to the property of an adjacent landowner is a nuisance.

"3. Anyone that maintains a nuisance is liable to adjacent property owners regardless as to whether they are negligent.

"4. The pleading of negligence will be considered surplusage where the facts show a case of absolute liability.

"5. Where any person takes water, oil or salt from its natural course and permits it to escape, they are liable regardless as to whether they are negligent.

"6. When there is an actual invasion or taking of property the question of negligence is not involved.

"7. Plaintiff's pleading and his prayer for relief may be in the alternative."

■ An inspection of these propositions discloses that each one is a mere abstraction and points out nothing to this court in the nature of an act or ruling of the trial court which was prejudicial to the rights of the appellant. We cannot consider mere abstractions. Gulf, C. & S. F. Ry. Co. v. Tarver, Steele & Co. (Tex.Civ.App.) 295 S.W. 320 (writ refused); Lamar-Delta County Levee Improvement District v. Dunn (Tex.Com.App.) 61 S.W.(2d) 816.

In view of the fact that none of the assignments of error is supported by a proper proposition for our consideration, and all assignments of error being too general, we find nothing to consider on this appeal excepting fundamental error, and, there being no fundamental error shown in the record, the judgment of the trial court is affirmed.