## No. 2370.

### TEXAS & NEW ORLEANS RAILWAY COMPANY *v.* J. P. DILLARD.

1. DAMAGES—RAILWAY COMPANY.—Every employe of a railway company assumes such risk as is naturally incident to the employment. This he must have considered when he was hired, and the company is only liable in damages if he sustains injury when, through its negligence, it has increased the dangers ordinarily incident to the same. See this case for facts under which it was *held* that a railway was not liable in damages for injuries sustained by a brakeman.

APPEAL from Harris. Tried below before the Hon. James Masterson.

*W. N. Shaw*, for appellant.

*Jones & Garnett*, for appellee: The plaintiff's evidence showing clearly that he was injured by reason of the low joint complained of, and it being manifest, from all the evidence, that a low joint sufficiently bad to throw a person from the tender was a defect that ought not to have been permitted, the defendants are liable and the verdict was not erroneous. The fact that defendant's employes and the road master contradicted plaintiff's evidence, is no reason for disturbing the verdict. The jury were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony; and, having performed their duty, and the court below having refused to disturb their verdict, this court will not interfere with the judgment, even though it should be of the opinion that the great preponderance of the evidence was for the defendants. (Galveston, Harrisburg & San Antonio Railway Co., v. Bracken, 59 Texas, 76; Houston City Street Railway Co. v. Melvin J. Hill, decided at Galveston term, January, 1886; Houston & Texas Central Railway Co. v. Larkin, 64 Texas, 460.)

COLLARD, JUDGE. After a careful examination of the evidence in this case, we have concluded it is not sufficient to sustain a verdict against the railroad. The appellee was a brakeman on one of defendant's freight trains that came in

from Galveston to Houston in the first part of the night and returned to Galveston in the latter part of the night, leaving Houston on the return trip at three thirty-five a. m. On going out of the yard at Houston, the train being a little behind time, the plaintiff was thrown or fell from the tender (where he was standing in the discharge of his duties), causing the injuries complained of, for which the jury gave him damages one thousand two hundred and fifty dollars. Plaintiff says the accident was caused by a low joint in the track. It appears from the evidence that low joints are not uncommon on all roads, and plaintiff testified that low joints are frequent on a road in wet weather. Brakemen, as well as other servants of a railroad, assume the risk of casualties naturally arising from the nature of their employment. Such risks the employe is presumed to have taken into account at the time of his employment. If low joints, causing jolts or jars, are to be expected by a brakeman because of their frequency, damages are not recoverable on that account by an employe who subjects himself to such occurrences, unless it is made to appear that the company has been guilty of negligence such as would increase the danger which the employe assumes. (International & Great Northern Railroad Co. v. Hester, 64 Texas, 401, and references.)

All the employes on the train at the time of the accident complained of testify that they noticed nothing unusual in the way of a jar or jolt when the train passed over the place where plaintiff was injured. The train was immediately stopped, and, after plaintiff was put aboard, was backed over the same ground into Houston, and the employes testify that they still noticed no unusual jar. As soon as the News train came in, the freight moved on out towards Galveston, and still there was no more jar at the point where plaintiff fell than was usual at other places on the road. It was proved that this part of the track had not been repaired for some time afterwards, and trains continued to pass as usual over the same point without accident and without notice of the alleged defect. These facts were established by a number of witnesses.

Plaintiff only knew from his sensations that he was thrown from the tender by a bad joint; he had never examined the track before or since he was injured; he had never noticed any pecular jar there before, and, while coming in on a train a few hours before, he had not discovered the alleged defect, though

he says it could not have occurred instantly. The alleged defect was not noticed afterwards by any one—by train men or by persons whose duty it was to inspect and repair the road. At least the evidence does not show that it was, and all the testimony offered upon the subject is against the fact.

As the evidence is now presented to us, we can not conclude that the plaintiff's fall was caused by a low joint so unusual as to amount to negligence on the part of the company, or as would not be included in the ordinary risks of plaintiff's employment. There are necessarily jars and jolts on railroad cars, more severe upon a brakeman, whose duty requires him to be on top of moving freight trains, than upon persons inside a coach or caboose. He is held to assume the risk incident to such a dangerous employment. If the risk is increased by failure of the company to construct its road properly or to keep it in suitable repair, damages would be recoverable by an employe occasioned by such neglect, unless he was himself guilty of negligence that contributed to the accident. (International & Great Northern Railroad Co. v. Hester, supra.)

While such negligence may exist on the part of the company in this case as would authorize a recovery, the evidence so far fails to establish it that we have no hesitancy in declaring it insufficient to sustain the verdict. We therefore conclude that the cause must be reversed and remanded for a new trial. (Houston & Texas Central Railway Co. v. Schmidt, 61 Texas, 285, and references.)

*Reversed and remanded.*

Opinion adopted February 27, 1888.