## W. T. Waggoner et al. v. W. F. Snody.

### No. 1401. Decided March 27, 1905.

**1.—Declarations of Agent.**

To be admissible against his principal, the declarations of an agent must be made concerning an act within the scope of his authority and at the time that the act was being performed by him. (P. 515.)

**2.—Same—Future Acts—Threat.**

In an action for damages, actual and exemplary, for wrongfully turning plaintiff's horses out of an inclosure, whereby some were lost and others injured, the declaration of defendant's ranch foreman, while engaged in putting them out, that if again found in the pasture they would be scattered so they would never be found, was inadmissible, since it related, not to the transaction in which he was engaged, but to something to be done in the future. (Pp. 515, 516.)

**3.—Personal Property—Damages—Bailee—Joint Owners.**

One of the joint owners of personal property may recover the entire damages for injury to it, if entitled to the exclusive possession as bailee, without joining the other owners; but, as joint owner merely, he can recover only such part of the damages as is proportionate to his interest, and has the burden of showing with reasonable certainty the extent of such interest, though defendant has not pleaded the nonjoinder in abatement. (P. 516.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Baylor County.

Snody sued Waggoner and others for damages and recovered judgment. It was affirmed on appeal by defendants, who thereupon obtained writ of error.

*Hunter & Flood, Glasgow & Kenan, Tolbert & Berry.* and *Chas. E. Coombes,* for plaintiff in error.—All the joint owners of personal property must unite in an action to recover damages for the value thereof or injury thereto, when wrongfully taken and converted or injured, and while possession alone is sufficient, perhaps, to entitle the plaintiff to recover, in the absence of any other evidence of ownership—inasmuch as possession implies ownership—yet, this inference of ownership may be rebutted by other evidence, and if on the whole case it is proved that plaintiff is not the sole owner, but that others are joint owners with him, then the plaintiff can not recover. And the charges asked by defendant should have been given, and that given at request of plaintiff refused. 1 Sayles' Civ. Pr., sec. 151; May v. Slade, 24 Texas, 208; Railway Co. v. Williams, 1 C. C., White & W., sec. 249; Gulf C. & S. F. Ry. Co. v. Bartlett, 75 S. W. Rep., 56; Texas & P. Ry. Co. v. Gill. 2 C. C., Willson, sec. 151; Texas & P. Ry. Co. v. Beauchamp, 2 C. C., Wilson, secs. 175, 176; Texas & N. O. Ry. Co. v. Oates, 2 C. C., Willson, sec. 618; Gulf C. & S. F. Ry. Co. v. Witt, 2 C. C., Willson, sec. 774; Missouri P. Ry. Co. v. Rushin, 3 C. C., Willson, sec. 317; also, 387: Missouri P. Ry. Co. v. Teague, 2 C. C., Willson, sec. 780; Willis v. Hudson, 63 Texas, 678; Houston & T. C. Ry. Co. v. Hollingsworth, 2 C. C., Willson, sec. 173; Hudson v. Willis, 65 Texas, 701-2; Hill v. Newman, 67 Texas, 266; Stachely v. Peirce, 28 Texas, 328; Williams v. Railway Co., 82 Texas, 553; Hanner v. Summerhill, 6 Texas Civ. App., 768; Avery v. Popper, 45 S. W. Rep., 955; 6 Wait's Act. and Def., 53.

If we are mistaken in our proposition made under preceding assignments of error to the effect that the plaintiff can not recover unless he is the sole owner of the personal property taken or injured, then we lay down this proposition, that if he is only a part owner, he can recover only such a proportion of the whole damages as the value of his interest in the property bears to the whole value of the property.

The statement of a servant made to a third party, not in the presence of the master, and he having no authority to make such statement, is incompetent testimony, and upon objection should have been excluded.

*A. H. Britain, R. M. Ellerd, D. J. Brookerson,* and *Montgomery & Hughes,* for defendant in error.—The party in possession of personal property, as against a wrongdoer or trespasser, has a right to recover full damages and the wrongdoer can not escape liability by showing

that some other person had an interest in the property. Davis v. Loftin, 6 Texas, 497; Clavit v. Cloud, 14 Texas, 54; Missouri P. Ry. Co. v. Cullers, 81 Texas, 388; Webb's Pollock on ·Torts., pp. 449, 450; Clifton v. Lilly, 12 Texas, 136; Hudson v. Willis, 73 Texas, 259; Wagner v. Marple, 10 Texas Civ. App., 505; Sedgwick on Dam., sec. 76; First Nat. Bank v. Brown, 85 Texas, 86; O'Brien v. Hilburn, 22 Texas, 624; Sanger v. Henderson, 1 Texas Civ. App., 412.

It seems that appellant does not deny that the possession of Snody was prima facie evidence of ownership. His contention is that possession was only presumptive evidence, and that when he showed that some other person had an interest, this destroyed the presumption and defeated the recovery. A wrongdoer can not defend by showing actual title in some one else, unless he connects himself with such title. As said by Judge Wheeler, in O'Brien v. Hilburn, 22 Texas, 625, "That a defendant in trover can not set up property in a third person without showing some claim, title or interest in himself, derived from such person has been expressly decided;" citing: Duncan v. Spear, 11 Wend., 54; Hurst v. Cook, 19 Wend., 463; Davis v. Loftin, 6 Texas, 489. This case on this point has been cited and approved in the case of Beaumont Lumber Co. v. Ballard, 23 S. W. Rep., 920, and Jackson v. Nelson, 39 S. W. Rep., 315, and, in this last case, this court refused a writ of error. These authorities, which are in accord with all the authorities elsewhere, it seems to us, should be binding and conclusive on this court in this case.

We further call the court's attention to the fact that under the evidence Snody was a bailee of Ellerd's interest in the property, and as such under the law had the right to recover full damages to the property. This proposition is "hornbook" law. The decisions are so numerous that we will call the court's attention to volume 6, Century Digest, column 91, section 100, where many are cited, and also to the case of Masterson v. Railway Co., 55 S. W. Rep., 577, and the large list of authorities there cited.

The declaration of an agent while actually doing an act under the principal's order and which throws light on the transaction is admissible as a part of the res gestae. International & G. N. Ry. Co. v. Telephone Co., 69 Texas, 277; Baird v. Vaughn, 15 S. W. Rep., 734; Bergman v. Indianapolis, etc., Ry. Co., 15 S. W. Rep., 992; Wiborg v. United States, 163, U. S., 656; Tuttle v. Turner, 28 Texas, 771; Burnett v. Oechsner, 92 Texas, 588; Latham v. Pledger, 11 Texas, 445.

We also insist that the evidence shows, or tends to show, a conspiracy, and as the declaration of a coconspirator the evidence as to the declaration of Lawson was admissible. Brown v. Chenoworth, 51 Texas, 479; San Antonio Gas Co. v. State, 22 Texas Civ. App., 118. As to what is a conspiracy, see 8 Cyc., 620, and Blum v. Jones, 86 Texas, 492.

BROWN, ASSOCIATE JUSTICE.—In the absence of conclusions of fact

by the Court of Civil Appeals, we make the following statement from the undisputed evidence in the record, which we think is sufficient for the examination of the questions presented.

One Wyatt was owner of two sections of land, which were situated in a pasture that belonged to P. S. Witherspoon, who rented the said land from Wyatt upon the agreement that Witherspoon was to pay annually the interest upon a portion of the purchase money due to the State of Texas and the taxes for each year. Witherspoon sold his pasture to Waggoner and turned over his lease contract for two sections to Waggoner, who failed to pay the interest upon the purchase money due the State as he had agreed to do, and Wyatt leased the land to W. F. Snody. Snody and one Ellerd were the owners of about sixty head of horses which Snody turned into the said pasture. Snody owned about two-thirds of the horses and Ellerd about one-third. The defendant, C. I. Bedford, was Waggoner's ranch boss and had charge of the ranch. Harve Lawson was in the employ of Waggoner as a hand upon the ranch. Waggoner directed Bedford to have all horses and cattle which did not belong to Waggoner or Witherspoon turned out of the pasture, and, in pursuance of this direction, Lawson, with other hands, drove the horses of Snody out of the pasture. Some of the horses were lost, others were injured, for which Snody brought this suit against Waggoner and Bedford for actual and exemplary damages, and upon the trial recovered of the defendants damages, both actual and exemplary, which judgment the Court of Civil Appeals affirmed.

Over the objections of the defendants, the trial court permitted witnesses to testify that while Harve Lawson and others were driving the horses out of the pasture Lawson said: "If these Snody horses are again found in the pasture they will be scattered so they will never be found."

The defendants requested the court to give this charge, which was refused: "If you believe from the evidence that the plaintiff was only a part owner of said property, and that J. J. Ellerd and Reuben Ellerd or either of them was or were also part owners thereof at the time the horses were put out of the pasture, then you can only find for the plaintiff such proportion of the damages, if you find any, as shall be equal to his interest in such horses; and if there is no evidence tending to establish the amount of interest owned by each party, then you should find for the defendants."

To render the declarations of an agent admissible against the principal, such declarations must have been made concerning an act within the scope of the authority of the agent and at the time that the act was being performed by the agent. If the declarations be made before or after the act was done, it is not a part of the res gestae, therefore not admissible. Mechem on Agency, sec. 714; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 287. Mr. Mechem states the rule thus: "And (3) the statements, representations or admissions must have been

made by the agent at the time of the transaction, and either while he was actually engaged in the performance, or so soon as to be in reality a part of the transaction. Or, to use the common expression, they must have been a part of the res gestae. If, on the other hand, they were made before the performance was undertaken, or after it was completed, or while the agent was not engaged in the performance, or after his authority had expired, they are not admissible." The declarations of Harve Lawson, although made while he was driving Snody's horses out of the pasture of Waggoner, were not made with reference to the act then being done, but declared a purpose to do a similar act in the future in a particular manner. If a recital by an agent of what has transpired is not admissible, certainly his statement of what has not occurred should not bind his principal. The evidence was clearly inadmissible under the rule above laid down, which is uniformly supported by the authorities. The trial court erred in admitting Lawson's declarations.

In view of another trial we think it proper to express our views of the law upon the question presented for the refusal of the charge above copied. It is claimed for Snody that he was a bailee of the horses, therefore entitled to recover in full for their value or for damages to them. The Court of Civil Appeals does not find that he was a bailee nor do they state facts from which such a conclusion can be drawn. Reference to the testimony shows that the only evidence which bears upon that question is that Snody himself stated that he had received the horses about five years previous to that time from Ellerd "on the shares," but no statement is made of any contract under which he claimed the right of possession, management and control of the property.

If Snody and Ellerd owned the horses jointly and Snody was not entitled to the exclusive possession of them as a bailee, the charge above quoted should have been given. Where a joint owner of personal property brings a suit for damages thereto without joining the other owner or owners, he can not recover the whole value of the property or the damages which may have been inflicted upon it, but will be entitled to recover only his proportionate part of such value or damages, notwithstanding defendant has not pleaded the nonjoinder in abatement. May v. Slade, 24 Texas, 208; Houston & T. C. Ry. Co. v. Knapp, 51 Texas, 592; Dolson v. De Ganahl, 70 Texas, 62; Johnson v. Richardson, 17 Ill., 304; Wheelwright v. Depeyster, 1 Johns., 485; Frazier v. Spear, 2 Bibb, 386; Webber v. Merrill, 34 N. H., 208. The plaintiff's right being to recover his proportionate part of the damages, in order to establish that right it devolved upon him to show with reasonable certainty the extent of his interest in the property.

If Snody was the bailee of the property, then he was entitled to recover for the entire damage done to the property by the acts of Waggoner's employes. Masterson v. International & G. N. Ry. Co., 55 S. W., 577; Harker v. Dement, 52 Am. Dec., 670, and note on p. 678;

Gillette v. Goodspeed, 37 Atl. Rep., 973; Woodman v. Nottingham, 49 N. H., 393; American Dist. Tel. Co. v. Walker, 72 Md., 454.

For the error committed in admitting the declarations of Lawson, the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*