EASTERN RY. CO. OF NEW MEXICO et al. v. LITTLEFIELD et al.†

·(Court of Civil Appeals of Texas.   Jan. 28, 1911.   Motion for Rehearing Stricken Out March 4, 1911.   Motion to Reinstate Granted March 11, 1911.   Motion for Rehearing Overruled April 18, 1911.)

1. CARRIERS (§ 224*)—CARRIERS OF LIVE STOCK —ACTIONS—JURISDICTION.
   Where all of the several carriers joined as defendants in an action for damages to live stock are shown to be partners and agents of each other, and to have had a common agent in the county where the action is brought, they are all subject to the jurisdiction of the district court of that county.
   [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 224.*]

2. CARRIERS (§ 229*)—CARRIERS OF LIVE STOCK —ACTIONS—DAMAGES.
   In an action against carriers for damage to live stock, damage to cattle not owned exclu-sively by the plaintiffs is recoverable to the extent of their interest.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST— INSTRUCTIONS ALREADY GIVEN.
   A request for a charge is properly refused, where the issue has been covered by charges already given.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260;* Carriers, Cent. Dig. § 1407.]

4. TRIAL (§ 244*)—INSTRUCTIONS—SUFFICIENCY—SINGLING OUT PARTICULAR FACT.
   A charge which singles out and unduly emphasizes a particular fact is properly refused.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

5. CARRIERS (§ 230*)—LIVE STOCK SHIPMENT —INSTRUCTIONS.
   In an action against carriers for damage to live stock by failing to furnish cars, there was evidence that some of the live stock had been brought to the station at an unseasonable time, and defendants requested a charge that plaintiffs should not be allowed for expenses in keeping the live stock at the station until they should have been shipped out. Held, that this charge was too broad as applying to all of the cattle in controversy, and was properly refused.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 961; Dec. Dig. § 230.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by George W. Littlefield and others against the Eastern Railway Company of New Mexico and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Madden, Trulove & Kimbrough and Terry, Cavin & Mills, for appellants. Scott & Dunn and J. A. Templeton, for appellees.

SPEER, J.   George W. Littlefield, J. P. White, and Thos. D. White, composing the firm of Littlefield Cattle Company, sued the Eastern Railway Company of New Mexico, the Pecos & Northern Texas Railway Company, the Southern Kansas Railway Company of Texas, and the Atchison, Topeka & Santa Fé Railway Company in the district court of Deaf Smith county to recover damages for a failure to furnish cars for a shipment of cattle from Kenna, N. M., to St. Joseph or Kansas City, Mo. There was general issue and plea of contributory negligence in bringing the cattle to the pens after having been notified that cars might not be available, and the final trial before a jury resulted in a verdict and judgment for plaintiffs in the sum of $11,015.55. The defendants all appeal.

[1] Those assignments complaining of the court's action with reference to pleas of privilege interposed by some of the appellants are disposed of in our conclusion that the undisputed evidence is such as to show that all the appellants were partners and agents of each other and had a common agent in Deaf Smith county in such manner

---

as to make them all subject to the jurisdiction of the district court of that county. S. K. Ry. Co. of Texas v. Crump, 32 Tex. Civ. App. 222, 74 S. W. 335.

There was some evidence indicating that one Wilkerson owned an undivided interest in a portion of the cattle driven by plaintiffs to Kenna for shipment, in view of which appellants requested the following charge: [2] "If the jury find for the plaintiffs, and also find and believe from the evidence that any of the cattle driven to or near Kenna were owned by Littlefield, the Whites, and one Wilkerson at the time they were so driven, and not by Geo. W. Littlefield, J. P. White, and T. D. White alone, you will not consider in estimating the amount of damages to be awarded any such cattle as may have been then partly owned by Wilkerson, but consider only those owned exclusively by plaintiff; and in this connection you are charged that the fact that Wilkerson may have owed for the purchase price of such cattle or his interest therein will not destroy his rights therein at that time, and you will not consider such fact."

It may be that Wilkerson owned an interest in such cattle under such circumstances as that the plaintiffs could not recover for his interest; but it would hardly follow that they could not recover for their own interest, and the charge is therefore a little too favorable to the defendants when by it the jury are told not to consider at all any cattle not owned exclusively by the plaintiffs. Waggoner v. Snody, 36 Tex. Civ. App. 514, 82 S. W. 355; Id., 98 Tex. 512, 85 S. W. 1134.

The defendants further requested a charge on the issue of contributory negligence as follows: "If the jury find from the evidence that the defendants were negligent, and that because of such negligence plaintiffs are entitled to recover, and the jury also further find from the evidence that after having been by Avery Turner notified of a car shortage and the defendants might not be able to furnish cars, and plaintiffs drove their cattle from the accustomed range and pasture to or near Kenna without having first been notified that cars were available for shipping, and if such driving and holding the cattle near Kenna was negligence as the term negligence is defined in the court's charge," etc.

[3] There was no occasion for the giving of this charge, since the court had covered the issue in a more apt way. [4] The singling out of the circumstance of Avery Turner's notifying plaintiffs of a car shortage was an unnecessary emphasis of that feature of the testimony, and the third special charge to the effect that notice given to the local agent or telegraph operator at any other station than Kenna would not constitute notice to the defendants, and the jury would, therefore, disregard such evidence, denied appellees the benefit of such testi-mony on the plea of contributory negligence and was properly refused.

We find no error in the court's rulings on evidence or in the charges given or refused. The evidence is sufficient to support the verdict and judgment, and it is unnecessary to cumber this opinion with a statement of its details. Perhaps the sixteenth assignment should be noticed. [5] It complains of the refusal of the following charge: "If you find for the plaintiffs in considering the amount of damages to be awarded, you will not allow for such expenses, if any, as may have been incurred in holding said cattle near Kenna or damages thereto sustained from the time the cattle were brought in until the time the cattle should have been shipped out." There is some indication in the evidence that at least some of the cattle were brought into Kenna sooner than they should have been; but the charge requested was a little too broad and applied to all of the cattle in controversy when at least a portion of them were indisputably tendered at a seasonable time. It was therefore properly refused.

We find no error in the judgment, and it is affirmed.