EASTERN RY. CO. OF NEW MEXICO et al. v. LITTLEFIELD et al.

(Supreme Court of Texas.    March 19, 1913.)

1. APPEAL AND ERROR (§ 1032*)—REVIEW—DISCRETION—PLEA TO THE JURISDICTION—TRIAL.

Refusal of the court to submit to the jury defendants' plea to the jurisdiction prior to the trial on the merits in the exercise of the trial court's discretion was not ground for reversal, in the absence of a showing of injury to defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

2. CARRIERS (§ 222*) — CARRIAGE OF LIVE STOCK—BREACH OF CONTRACT—ACTION BY BAILEES.

Where plaintiffs had possession and control of certain cattle belonging to another with authority to ship them to market, they were bailees and so authorized to recover for injuries to the cattle sustained by the carrier's breach of the contract of shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 952; Dec. Dig. § 222.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

It is not error to refuse a request to charge, where the charge given submits in substance the issue presented by the request.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. CARRIERS (§ 229*) — CARRIAGE OF LIVE STOCK—FAILURE TO FURNISH CARS—DAMAGES.

Where it was proper for shippers of cattle to have them at the place of shipment six days before the time provided therefor, and the carrier failed to provide cars as it had contracted and as it was its duty to do, the expense incurred in holding the cattle before as well as after the date when the cars were to be furnished was a proper element of damage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

Error to Court of Civil Appeals, Second Supreme Judicial District.

Action by George W. Littlefield and others against the Eastern Railway Company of New Mexico and others. Judgment for plaintiffs affirmed by the Court of Civil Appeals (135 S. W. 1086), and defendants bring error. Affirmed.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove & Kimbrough, of Amarillo, for plaintiffs in error. Moss & Dunn and J. A. Templeton, all of Ft. Worth, for defendants in error.

BROWN, C. J. The Court of Civil Appeals made no statement of the character of this case, nor findings of fact, as required by law, and, in order to get a knowledge of the issues involved, we have been compelled to examine the transcript. The petition alleged that defendants in error constituted a copartnership under the name of the Littlefield Cattle Company. Littlefield is a citizen of Texas, and his copartners, J. P. and T. D. White, are citizens of New Mexico, and the business of raising and shipping cattle was conducted on their ranches in Texas and New Mexico. The plaintiffs in error are the Eastern Railway Company of New Mexico, chartered and organized under the laws of that state (then territory), and its principal office and officers in Amarillo, Potter county, Tex. The Pecos & Northern Texas Railway Company was organized under the laws of Texas; the Southern Kansas Railway Company was duly incorporated under the laws of Texas; the Atchison, Topeka & Santa Fé Railway Company was organized under the laws of Missouri and Kansas. It is alleged that each of said corporations has and maintains its principal office at Amarillo, Tex., except the last named, which has a division office at Amarillo. It was alleged that the railroad corporations constituted a partnership, alleging a course of business, as facts, showing the copartnership. The petition was filed in the district court of Deaf Smith county and service had upon the agent of the company

in that county. The petition alleged, in substance, that the Littlefield Cattle Company desired to ship a large number of cattle from its ranches in Texas and Mexico to Kansas City, or St. Joe, Mo., and called upon the agents of the defendants at Kenna and Bovina, in New Mexico, to provide 200 cars at said places on different days designated, which said agents agreed to do; that, relying upon the promise, the Cattle Company drove a large number of cattle from the ranch in Texas to Kenna in New Mexico, but the railroads failed to furnish the cars, and the Cattle Company, after holding the cattle there from the 9th day of September, 1907, until the 18th day of October, 1907, was compelled to abandon the shipment of the cattle and drove them back to the ranch in Texas, alleging damages in a large sum. The defendants pleaded to the jurisdiction of the district court and each stated the county in which it claimed the privilege to be sued in Texas. The pleas were submitted with the case to the jury, to which defendants excepted, claiming the right to try the pleas to jurisdiction before the trial of the case. The foregoing statement will be sufficient for this investigation.

The Court of Civil Appeals said in the opinion: "Those assignments complaining of the court's action with reference to pleas of privilege interposed by some of the appellants are disposed of in our conclusion that the undisputed evidence is such as to show that all the appellants were partners and agents of each other and had a common agent in Deaf Smith county in such manner as to make them all subject to the jurisdiction of the district court of that county." The defendants filed answers raising the questions of law.

The first ground of error set up in the application of the railroad companies is to the effect that the district court erred in refusing to submit to the jury their plea to the jurisdiction of the court before the trial of the case on the merits.

[1] It was in the discretion of the trial court to submit the plea before or at the trial on the merits, and, as no injury is shown to have resulted, the judgment will not be disturbed by this court for that reason. Pryor v. Jolly, 91 Tex. 89, 40 S. W. 959; Tynburg v. Cohen, 67 Tex. 224, 2 S. W. 734.

The second and third grounds are not presented in compliance with the rules of court and will not be considered. This court granted the application for probable error in refusing this charge: "If the jury find for the plaintiffs, and also find and believe from the evidence that any of the cattle driven to or near Kenna were owned by Littlefield, the Whites, and one Wilkerson, at the time they were so driven, and not by Geo. W. Littlefield, J. P. White, and T. D. White, alone, you will not consider, in estimating the amount of damages to be awarded, any such cattle as may have been then partly owned by Wilkerson, but consider only those owned exclusively by plaintiffs; and in this connection you are charged that the fact that Wilkerson may have owed for the purchase price of such cattle, or his interest therein, will not destroy his rights therein at that time, and you will not consider such fact."

[2] The evidence shows that the cattle referred to in the charge were in the possession and control of the defendants in error, which placed them in the attitude of bailees of the cattle, who, having the right to ship and sell them, can recover damages to such cattle which were caused by the breach of the contract of shipment. Masterson v. I. & G. N. Ry. Co., 55 S. W. 577.

[3] By their fifth assignment the plaintiffs in error complain of the refusal by the court to give to the jury this charge: "If you believe and find from the evidence that the plaintiffs or their employés in charge of said cattle which were held at Kenna for shipment were guilty of negligence in bringing said cattle into said station at the time the same were brought there, or in holding said cattle near said station while waiting for cars wherein to ship same, and if you further find and believe from the evidence that said cattle were injured or damaged as a result of such negligence, then you are instructed that plaintiffs cannot recover such damages, if any, as you find resulted from their own negligence, or that of their employés. And any and all injuries or damages so sustained by said cattle through the fault and neglect of the plaintiffs are not recoverable in this suit and should be excluded from your consideration in assessing the damage, if any, which plaintiffs are entitled to recover." In the tenth subdivision of the court's charge that issue was submitted to the jury in better form than the charge asked: "(10) If you believe and find from the evidence that the plaintiffs or their employés in charge of said cattle which were held at Kenna for shipment were guilty of negligence in bringing said cattle into said station at the time the same were brought there, or in holding said cattle near said station while waiting for cars wherein to ship same, and if you further find and believe from the evidence that said cattle were injured or damaged as a result of such negligence, then you are instructed that plaintiffs cannot recover such damage, if any, as you find resulted from their own negligence, or that of their employés. Any and all injuries or damages so sustained by said cattle through the fault and neglect of the plaintiffs are not recoverable in this suit and should be excluded from your consideration in assessing the damage, if any, which plaintiffs are entitled to recover." The charge given submits, in substance, the issue presented by defendants' charge which was refused.

[4] The Cattle Company drove the cattle

from the ranch to Kenna because they had the legal right to expect the cars to be furnished on the 15th day of September, and, if it was proper to have them at the place six days before the time for shipment, then there was no negligence in the act of having them at the place awaiting the arrival of the cars; and, the cattle being at that place in compliance with the implied contract, the failure to furnish the cars was the cause of the expense in holding the cattle before as well as after the day when the cars should have been furnished. The expense was incurred by acting upon the legal obligation of the railroads to furnish the cars, and the failure to furnish the transportation caused the expense to be a loss to the Cattle Company. If the cars had been furnished at the time agreed upon, the cost of holding the cattle might have been recovered in their sale in the market in better condition, but added nothing to their value at Kenna nor on their return to the ranch. It was a loss caused by the failure to furnish the cars.

The eighth assignment presents no issue in such form as would enable this court to decide it, and the ninth assignment is of like character; they will not be considered. The tenth ground of error is without merit; the charge correctly stated the rule of law on the measure of damages under the facts proved.

The charge of the district court deserves commendation for its comprehensive and clear presentation of the issues in this case.

We find no reversible error in the proceedings, and the judgment is affirmed.