BARLOW v. LINSS.    (No. 499.)

(Court of Civil Appeals of Texas.    El Paso. Dec. 9, 1915.    Rehearing Denied Dec. 16, 1915.)

SET-OFF AND COUNTERCLAIM ☞44—DISMISSAL—NONJOINDER OF NECESSARY PARTIES.

Where, in an action on a note given in renewal of a rental note by one of two lessees, the other lessee was not a party to the action, and it appeared that they were jointly and collectively entitled to enjoy the rights resulting from the lease, defendant's counterclaim for damages from being deprived, by a sale of the property, of an option given by the lease to purchase and of the leasehold interest in the property, was properly dismissed for nonjoinder of the other lessee.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 82–96, 98, 99; Dec. Dig. ☞44.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Eduardo Linss against L. C. Barlow. From judgment for plaintiff, defendant appeals. Affirmed.

C. A. Kinkel, of El Paso, for appellant. Edgar Williams, of El Paso, for appellee.

HIGGINS, J. Linss sued Barlow upon the latter's promissory note. The facts material to a consideration of the questions presented by this appeal are as follows: Linss leased to J. J. Mundy and appellant, Barlow, a ranch in Mexico, known as "La Hacienda del Fresno" for a period of six years from January 1, 1912. The lessees agreed to pay the lessor an annual rental of 5,000 pesos. An option to purchase was contained in the lease in favor of the lessees in these words:

"It is further provided and understood and agreed between the parties hereto that the parties of the second part may, if they desire, at any time before the termination of this lease, or at any time during the period thereof, purchase and acquire the said Hacienda del Fresno from the party of the first part, together with all of the personal property covered by the terms of this lease, for the stipulated price of thirty-eight thousand five hundred ($38,500.00) dollars (gold), it being understood and agreed that the said sum is subject to the offsets and additions, if any, under the previous clause hereof."

To cover a portion of his share of the rental for 1912, Barlow executed a note in favor of Linss, which was not paid, and the note upon which this suit is based was given in renewal thereof. In January, 1914, Linss sold and conveyed the ranch to one Rodriguez. At the time of the conveyance to Rodriguez, Mundy and Barlow were in arrears for about six months' rent. As a set-off and counterclaim Barlow set up the conveyance of the ranch by Linss to Rodriguez, an innocent purchaser for value, whereby defendant and Mundy were deprived of their right to purchase the property, as well as of their leasehold interest therein. It was further averred that his one-half interest in the option to purchase was worth $5,000; that he and Mundy were able to purchase the property under the option, and intended to do so; that the property was worth $60,000, and by reason of the sale to Rodriguez he had been further damaged in the sum of $10,750, which was his one-half of the difference between $60,000 and the contract price of $38,500; that he had been damaged in said sums of $10,750 and $5,000 by reason of the sale to Rodriguez, and judgment over against plaintiff for said sums was asked.

In the cross-action it was further averred that Linss was a nonresident of the state, without property or funds in the state subject to execution, and with no unexempt property in the United States. Judgment was rendered in favor of Linss for the amount of the note sued upon. The set-off and counterclaim was disallowed, and the same dismissed without prejudice to the right of Barlow and Mundy to jointly sue Linss in another action for the damage asserted in such counterclaim. Mundy was not a party to the suit.

Appellant's assignments all relate to the action of the court in disallowing and dismissing the counterclaim pleaded by him. The court did not err in this respect. Under the lease contract between the parties, the obligations of Barlow and Mundy to Linss were joint and collective, and they were jointly and collectively entitled to enjoy the rights resulting therefrom. At common law, if such a contract be violated by any of the parties thereto, all persons interested in the right must join in the suit to enforce it. Mr. Townes, in his work on Texas Pleading (2d Ed., at page 281), says that, so far as parties plaintiff are concerned, the rules of the common law in this respect are modified very little, if at all, in the Texas practice.

Under the decisions of our courts upon this question, it is clear that in suits of this nature all of the obligees are regarded as indispensable parties, and a failure to join them as such is fatal to the suit, and it is not necessary to plead such nonjoinder in abatement. Hanner v. Summerhill, 6 Tex. Civ. App. 674, 26 S. W. 906, and upon rehearing 7 Tex. Civ. App. 235, 26 S. W. 906; Williams v. Railway Co., 82 Tex. 553, at 560, 18 S. W. 206; Zwernenman v. Rosenberg (Sup.) 11 S. W. 150; Stachely v. Peirce, 28 Tex. 328; Railway Co. v. Ellis, 153 S. W. 701. In Hanner v. Summerhill, supra, the right to enforce a vendor's lien vested in two legatees of the vendor, and in a suit to enforce it by one of the joint owners of the right it was held that both owners were necessary parties plaintiff and such defect in parties might be taken advantage of on appeal, though nonjoinder had not been pleaded. In the opinion rendered upon rehearing the question is discussed at length and the authorities reviewed.

This case and the other authorities cited clearly establish the rule in this state to be that in a suit to enforce an obligation arising out of a joint contract all of the obligees must be joined as parties plaintiff. It would seem that, if any of them refuse to so join, this fact may be alleged, and the parties refusing joined as parties defendant, so that all parties at interest may be brought before the court and their rights adjudicated. Williams v. Railway Co., supra. In other words, such obligees are regarded as indispensable parties, and it has frequently been held by the courts of our state that, when an indispensable party is omitted, the court will itself raise the objection and refuse to proceed to judgment until the defect is cured, and that the point may be raised on appeal, though nonjoinder has not been pleaded or the question raised in the court below. Railway Co. v. Oliver, 159 S. W. 853; Needham v. Cooney, 173 S. W. 979, and authorities there cited. So it follows the court properly refused to entertain the counterclaim arising out of the Linss breach of the lease contract.

We have noted the case of Waggoner v. Snody, 98 Tex. 512, 85 S. W. 1134, relied upon by appellant, but it is not in point. That was an action for damages arising ex delicto, and the rule in such cases is different. The nonjoinder in such cases of a party jointly interested in the recovery of damages can, in general, be raised only by plea in abatement or by way of apportionment of the damages on the trial. This case holds no more than that. Railway Company v. Ochiltree, 127 S. W. 584, is likewise an action for damages arising ex delicto.

Consideration has also been given to Railway Co. v. Littlefield, 135 S. W. 1086, where the Court of Civil Appeals undertook to apply the principle enunciated in Waggoner v. Snody to an action for damages arising ex contractu. But a writ of error was granted, and, as will be noted from the opinion of the Supreme Court, 154 S. W. 543, the application was granted for probable error in the holding in that particular. The Supreme Court affirmed the decision of the Court of Civil Appeals, but upheld the right of Littlefield and the Whites to recover all of the damages, because it appeared from the evidence that the cattle were in their possession

and control, which placed them in the attitude of bailees thereof, who, having the right to ship and sell them, were entitled to recover damages to such cattle caused by a breach of the contract of shipment. It is thus clear that the Supreme Court in that case did not regard the rule applicable in cases of tort as being also applicable in cases arising ex contractu, and its action in granting a writ of error and affirming upon another ground must be regarded as authority against appellant.

The other authorities cited by appellant simply hold that, while the general rule is that set-offs must be mutual and due in the same right with the debt sued upon, yet, under certain equitable circumstances—of which insolvency is one—debts, though not mutual or due in the same right, will be allowed to be interposed against each other. These authorities and the alleged insolvency of Linss have no pertinency. The nonjoinder of Mundy was fatal to the defendant's right to prosecute his counterclaim, and the insolvency of Linss has nothing to do with the question of parties.

Affirmed.