**HARDIN v. GRANT.**

No. 2254.

Court of Civil Appeals of Texas. Beaumont.

Nov. 2, 1932.

Rehearing Denied Nov. 9, 1932.

Fairchild & Redditt, of Lufkin, for appellant.

Denman & DeLoney, of Nacogdoches, for appellee.

LAWHON, J.

John W. Grant, appellee, lived in Nacogdoches, Nacogdoches county, Tex., in Novem-ber, 1930, and was engaged in buying and selling ice. He owned a truck, and would buy his ice from the Pure Milk & Ice Company of Nacogdoches, and, as he said, "peddle it, over the country." He had been engaged in this business exclusively about two years. J. M. Scroggins also lived in Nacogdoches at this time, and was arranging to move with his family to the town of Diboll or near there. He consulted other truck owners about moving his household goods, but the best price he could get was $20. He saw appellee, John W. Grant, about getting him to move his goods, and Grant agreed to transport them in his truck from Nacogdoches and deliver them to Scroggins at the house near Diboll where he was moving to for the sum of $5. It was estimated that $5 would about cover his actual expenses in the way of gas, oil, etc. The evidence seems to show that this sum of money would pay something more than the actual expenses. Appellee started with the loaded truck from Nacogdoches on the morning of November 10, 1930, and near the town of Burke a truck with a trailer, belonging to appellant, J. T. Hardin, loaded with cotton, attempted to pass appellee, when the trailer struck appellee's truck, knocking it over, damaging the goods belonging to Scroggins, and also injuring Grant's truck, and Grant also received personal injuries. Suit was brought by the appellee against the appellant, and the case was tried in the district court of Angelina county. Appellee recovered judgment in the sum of $213.35. This amount is made up of three items, $40 for personal injuries appellee received, $73.35 for injury to his truck, and $100 for damages to the furniture. The defendant, Hardin, duly perfected his appeal, and it is now before this court for review.

Appellant's only objection to the judgment is the allowance of $100 as damages to the household goods. Appellant's contention is that, as the undisputed evidence showed that they belonged to J. M. Scroggins, and he not being a party to the suit, there was a nonjoinder of a necessary party, and that this required a dismissal of this part of the suit, or a continuance of the case until Scroggins could be made a party. Appellee contends that Grant was a common carrier, and, as such, was insurer of appellee's goods, and could therefore recover the damages said goods sustained.

We do not think there is any issue of nonjoinder of necessary parties. If appellee was not authorized to bring suit for the recovery of damages to the household goods, the court should have rendered judgment against him for that item. If the owner of the goods had originally joined appellee, Grant, in the suit or had later been made a party plaintiff, there would have been a misjoinder of parties and causes of action be-

cause appellee, Grant, would have been seeking to recover for his own personal injuries and damages to his truck and Scroggins would have been seeking to recover damages to his household goods. These causes of action could not have been properly joined.

We do not think the evidence shows that appellee, Hardin, was a common carrier of goods. The undisputed evidence is that his business for two years had been buying and selling ice, using his truck exclusively in this business. The testimony shows that this was the first goods for other people he had transported. He therefore was, on this occasion, acting as a private carrier.

We, however, are of the opinion that appellee had a right to bring suit and recover for the damages to the goods of Scroggins. At the time of the accident he was acting as bailee of these goods. We find the following definition of "bailment" in Bouv. Law Dict. (Rawle's Third Revision) vol. 1, p. 313: "A delivery of something of a personal nature by one party to another, to be held according to the purpose or object of the delivery, and to be returned or delivered over when that purpose is accomplished."

In 6 Corpus Juris, p. 1084, the following definition is given: "A bailment may be defined as a delivery of personalty for some particular purpose or on mere deposit on a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it or otherwise dealt with according to his directions or kept until he reclaims it as the case may be."

Appellee, Grant, had exclusive control over the goods he was transporting, and it was his duty to deliver them to the owner at the point of destination. Some issue is raised as to whether he was performing the service gratuitously or whether his service was for hire. Appellee was undoubtedly carrying these goods for hire. The adequacy of the price would be immaterial. The distinction, however, between a gratuitous bailment and one for hire would be immaterial so far as this case is concerned. Such questions become important only in so far as the liability and duty of the bailee is concerned. We find the rule announced in 10 Corpus Juris, p. 38, as follows: "A private carrier with or without reward is merely a bailee and his liability is determined by the rules governing the responsibilities of bailees. His liability is limited to such losses or injuries as result from his negligence or that of his servants; although bound to exercise ordinary care, he is not an insurer of the safety of the goods intrusted to him for transportation."

The rule that a bailee has a right to recover damages to the bailed property is announced in 5 Tex. Jur. § 22, pp. 1032, 1033, in the following language: "A bailee has a right of action against a third person for injuries inflicted by him upon the bailed property and may recover the entire damages. The right to recover the whole value or damage rests upon the hypothesis that he is the agent of the bailor, charged with the execution of a trust, and that he will hold the amount of damages collected beyond his own interest for the general owner."

In Waggoner v. Snody, 98 Tex. 512, 85 S. W. 1134, Judge Brown announced the rule that a bailee was entitled to recover against third persons damages done to the bailed property. See, also, Masterson v. International & G. N. R. Co. (Tex. Civ. App.) 55 S. W. 577. No complaint is made as to the part of the judgment wherein appellee recovered for damages his truck sustained and for injuries to his person.

The judgment of the trial court is therefore affirmed.