## HARGROVE v. HOPPER.
### No. 4239.

Court of Civil Appeals of Texas. Texarkana. Dec. 30, 1932.

Rehearing Denied Jan. 5, 1933.

Cunningham & Lipscomb, of Bonham, for appellant.

Moore & Moore, of Paris, for appellee.

BLALOCK, Chief Justice.

Mrs. Maude Hopper, without being joined by her husband, brought suit against L. K. Hargrove, as well as against another defendant, J. R. Rainey, who does not appeal. The petition contains two counts. The first count was in the form of an action of trespass to try title, in which it was specially alleged that the tracts of land therein described were community property of the plaintiff and her husband, and that the same constituted the homestead of herself and husband, and that on April 27, 1927, the defendants named unlawfully entered upon the premises and ejected the plaintiff and her husband therefrom to their damage in the sum of $2,000. She further alleged that the reasonable annual rental of the property was $500. In the second count the plaintiff alleged that she adopted the allegations of the first count and specially averred that the premises described constituted the homestead of herself and her husband, and that they were living together as husband and wife and had lived together for many years prior to the date mentioned, and for many years had resided thereupon, used and enjoyed the premises as their homestead.

The plaintiff prayed that one certain purported deed dated April 27, 1927, signed by her, conveying the home to the Fannin County State Bank be set aside, canceled, and held for naught. She alleged that she was induced to sign same without reading, on the representation of her husband that the paper renewed some old notes, and on the representation of defendant Hargrove that said papers were for the protection of herself and husband; that she believed said papers to be a mortgage to secure her husband's debts, did not know that her homestead was conveyed therein, and that she would not have signed had she known the purport of the instrument. She also alleged that the instrument was not read to or explained to her, and that she did not acknowledge it as a deed of conveyance. It seems that the said bank conveyed title to defendants, and

plaintiff asserted they were parties to the fraud practiced upon her, knew all the facts, and were not innocent purchasers; that she did not know the full purport of the instrument until defendants later demanded possession, whereupon she explained her position, demanded a reconveyance, and filed suit upon their refusal to reconvey.

The defendants answered the petition by general demurrer and plea of not guilty, and as to the second count, besides other pleas, set up the following exception: "The defendant specially excepts to the second point of the plaintiff's petition for the reason that the same shows upon its face that the plaintiff, Maude Hopper, and her husband made and executed a deed conveying the lands and premises described in the second count to the Fannin County State Bank and that R. L. Hopper is a necessary party to this suit and is not made a party to the suit, and of this they pray judgment of the court."

The answer further sets up the claim of innocent purchasers of the land, estoppel, and a plea in the nature of an offset to the claim for rents. The plaintiff filed a supplemental petition setting up a plea of non est factum, in so far as she was concerned, to the deed from R. L. Hopper and Mrs. Hopper to the Fannin County State Bank referred to in the second count of her petition, and also set up in the defendant's answer, and also to a certain deed of trust alleged in the defendant's answer by way of an estoppel against the plaintiff, and also certain other allegations pleaded in avoidance of the defendant's plea of estoppel.

The husband of the plaintiff was not made a party defendant to the suit, and he did not appear or make answer in the suit. Plaintiff alleged that he had refused to join her as a party plaintiff.

The case was tried before a jury on special issues, and they made answer: (1) That the plaintiff did not know at the time she signed the deed to the bank that the same conveyed the land in the petition; (2) the notary did not explain the contents of the deed to the plaintiff; and (3) that the reasonable rental value of the property was $1.50 an acre. Upon the verdict of the jury the court rendered judgment in favor of the plaintiff against the defendant Hargrove for herself and for the benefit of the community of herself and her husband and for their homestead for the recovery of the premises described in the petition, and against both of the defendants for the amount of the rents found by the jury to be owing. The judgment was also against the defendant Rainey for about 13 acres of the 200 acres sued for, but denied the plaintiff any further relief against the defendant Rainey. The defendant L. K. Har-

grove appeals, but the defendant J. R. Rainey does not appeal.

■■ The controlling point of the appeal is that of whether or not the plaintiff, a married woman, could sue alone, and without making the husband a defendant. The husband refused to join his wife in bringing the suit. It is concluded that the circumstances pleaded authorize the wife to prosecute the action alone. Speer on Law of Marital Rights (3d Ed.) § 517, p. 634; Kelley v. Whitmore, 41 Tex. 647. But the pleading in evidence showed that the plaintiff and her husband executed a deed, although arising under circumstances claimed to be misleading and wrongful to plaintiff, conveying the land to the Fannin County State Bank. It was therefore required, in order to get the relief sought in her favor of the avoidance of the deed, that the husband should have been made a party defendant. Barlow v. Linss (Tex. Civ. App.) 180 S. W. 652; 47 C. J. § 183, p. 92. It is a settled rule that all parties to a deed are necessary and indispensable parties to a suit for the cancellation or avoidance of such deed. Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522; Christian v. Hood (Tex. Civ. App.) 19 S.W.(2d) 621; 7 Tex. Jur. § 54, p. 792.

The judgment is reversed, and the cause remanded.