## TEXAS & P. RY. CO. v. HENRY.

### No. 1039.

Court of Civil Appeals of Texas. Eastland.

Jan. 6, 1933.

Rehearing Denied Feb. 10, 1933.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Scarborough, Ely & King, of Abilene, for appellee.

HICKMAN, C. J.

In the court below appellee recovered judgment against appellant for $198.25 for damages to his automobile suffered in a collision on a crossing in the town of Merkel. In his suit he sought damages for personal injuries on account of spraining his ankle when he jumped from the car, but recovered nothing therefor. The facts essential to an understanding of our holdings will be stated in connection with our discussion of the propositions.

■ Only three propositions are found in appellant's brief, and they will be considered in their order. The first presents the contention that appellant's motion for a peremptory instruction should have been granted because, as a matter of law, its negligence was not the proximate cause of the injury. It is not contended that the evidence does not support the jury's finding of negligence, but the contention is that there was no causal connection between the negligence and the injury. The jury found that appellant was guilty of negligence by operating its train at a high and dangerous rate of speed immediately before the collision, which negligence was the proximate cause of the injuries complained of. It also found that the appellant operated its train on the occasion in question in excess of fifteen miles per hour within the town of Merkel, which was also the proximate cause of the injuries. There was a valid ordinance in force in the town of Merkel, limiting the speed of trains therein to fifteen miles per hour. The evidence discloses that, at the time appellee undertook to drive his car across appellant's track, the train was at least a quarter of a mile from the crossing; that the crossing was rough, and when appellee's car got upon appellant's track he shifted to a lower gear and in doing so killed his engine. He jumped from his car and undertook to push it off the track before the train reached the crossing, but was unable to do so. His plight was discovered by the engineer operating appellant's train when the train was at least a quarter of a mile away, and the evidence clearly supports the conclusion that, had the train been running no faster than fifteen miles an hour, it could have been brought to a stop before reaching the crossing where appellee's car was stalled. These facts well support the jury's finding that appellant's negligence was the proximate cause of the injury. The rule announced in such well-known cases as Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, and Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, relied on here by appellant, has no application. We overrule proposition No. 1.

■ The second proposition presents that a peremptory instruction should have been given in favor of appellant, because appellee was guilty of contributory negligence as a matter of law. Just wherein he could be convicted of contributory negligence as a matter of law on the record in this case we are unable to see. The only contributory negligence pleaded was in the most general terms, and

was as follows: "In the way and manner in which he approached and went upon the tracks of the defendant herein, and in the way and manner in which he acted after going on said tracks." It was certainly not contributory negligence as a matter of law to undertake to pass in front of a train more than a quarter of a mile distant. An ordinarily prudent person might well conclude that he had ample time to pass safely in front of such train. The evidence does not compel a finding that appellee was guilty of contributory negligence in killing his engine. According to his testimony he had never had that experience before, and he was unable to explain just how it occurred. We would certainly be unwarranted in holding that, as a matter of law, a driver of an automobile is guilty of negligence in killing his engine by undertaking to shift to a lower gear on a rough road. This proposition is overruled.

■ The third proposition is as follows: "The judgment is erroneous and void in that the undisputed evidence shows that all necessary parties to the suit were not before the court."

There was no pleading below of a failure to join any other party, but it is claimed that the judgment is void because Clay Lumber Company held a note against appellee which was secured by a chattel mortgage against the car and was therefore an indispensable party to this suit, without which no valid judgment could be rendered. It is not contended by appellant, as we understand its brief, that generally a mortgagor in possession cannot maintain a suit for damages to the mortgaged property without joining the mortgagee as a party; but the claim seems to be that the property in the instant case was in custodia legis. The facts disclose that, prior to the accident, Clay Lumber Company, the mortgagee, had brought suit against appellee on his note and for a foreclosure of the mortgage, and the sheriff had taken possession of the automobile under a writ of sequestration. The appellee regained possession by a replevy bond, and this was the status of things at the time of the injury; the suit being then pending. The contention advanced under this proposition must be overruled. The property was not in custodia legis. The effect of filing the replevy bond was to withdraw it from the possession of the court and vest in appellee the lawful right to its possession. In the case of Masterson v. I. & G. N. Ry. Co. (Tex. Civ. App.) 55 S. W. 577, some mules in custodia legis were hired by a receiver to a third person for a year. While these mules were in the possession of the bailee, they were killed by the negligence of the railroad company, and the right of the bailee to recover the full damages was upheld. This opinion was cited with approval by the Supreme Court in Waggoner v. Snody, 98 Tex. 512, 85 S. W. 1134. The appellant's fear of a suit by the mortgagee, Clay Lumber Company, is not well founded, for, under the holding of the Masterson Case, supra, it may successfully plead the judgment rendered against it in this case as a bar to recovery in any suit hereafter filed by Clay Lumber Company.

No error is pointed out in the briefs, and the judgment of the trial court is therefore affirmed.

### On Rehearing.

The nature of appellant's argument in its motion for rehearing is well reflected by the following sentence taken therefrom: "We earnestly insist that the speed of the train was not the proximate cause of plaintiff's injury, the evidence showing that the engineer discovered the plight of appellee more than a quarter of a mile away, and the record further showing that the train could have been stopped in less than a quarter of a mile, and plaintiff having failed to allege as negligence the failure of appellant to stop its train after discovering the plight of appellee, appellee is certainly not entitled to recover on that theory."

The argument proceeds upon the theory that a negligent defendant may break the causal connection between its negligence and the injuries by doing a further wrong or committing a further act of negligence. The facts do not present that interesting question for our decision, but what we shall state hereinafter is not to imply our assent to its soundness.

Appellant's engineer testified that he set his brakes and began to slow his speed as soon as he saw the automobile, and that he saw same when he was "about a half a mile or a quarter of a mile" from the automobile. He further testified that he had a good set of brakes and that they were in good working order. This testimony disproves appellant's contention that the proximate cause of the injuries was the failure of its engineer to exercise ordinary care to avoid the injury after discovering appellee's plight, but tends rather to support the conclusion that the train was being operated at such a high and dangerous rate of speed that it could not be brought to a stop within a quarter of a mile.

The motion for rehearing will be overruled.